504 So.2d 394 (1987)
In re INQUIRY CONCERNING a JUDGE: Wiley G. CLAYTON.
No. 70006.
Supreme Court of Florida.
March 19, 1987.
John S. Rawls, General Counsel, Tallahassee, and Steven A. Werber, Special Counsel, Jacksonville, for the Judicial Qualifications Commission, petitioner.
John W. Tanner, Daytona Beach, for respondent.
OVERTON, Justice.
This proceeding is before us on an uncontested recommendation of the Judicial Qualifications Commission for this Court to publicly reprimand Wiley G. Clayton, County Court Judge, Volusia County, Florida. The recommendation is based on a factual stipulation and the judge's admissions to improper ex parte judicial determination of criminal cases, contrary to Canon 3(A)(4) of the Code of Judicial Conduct. We have jurisdiction, article V, section 12, Florida Constitution, and approve the recommendation.
The Judicial Qualifications Commission and Wiley G. Clayton entered into the following stipulated facts and admissions:
1. Judge Wiley G. Clayton admits that on four (4) occasions, he conducted ex parte proceedings with defendants and/or defense counsel to dispose of criminal cases. In some instances, these dispositions took place without the knowledge of the defendant; they included pleas, as well as sentences, and in some cases were not done in open court. The facts of the four (4) cases which support this admission are set forth below:
A. State v. Rumpke, Case Number CTC85-4594-C
On April 15, 1985, Judge Clayton accepted a no contest plea over the telephone from defendant's attorney to the misdemeanor offense of Resisting an Officer *395 Without Violence. Judge Clayton summarily disposed of the case and subsequently advised the State Attorney's office of the disposition. Defendant resided out of the State of Florida, and his arm had been broken during the custodial procedure. Defendant's attorney had indicated that there was a potential for a lawsuit against the city police department and Judge Clayton, without affording the State Attorney an opportunity to be heard, summarily decided that it was in the best interest of all parties that the case be disposed of as expeditiously as possible by defendant's plea.
B. State v. Sharpe, Case Number CTC85-9331-C
On June 5, 1985, Judge Clayton summarily dismissed a charge of Criminal Mischief against defendant, on his own motion, without the knowledge of the State Attorney. Defendant had been in jail for four (4) days before she came before Judge Clayton on charges of Driving While Under the Influence of Alcoholic Beverages and Criminal Mischief. Defendant pled to the DWI charge and was sentenced. A prosecutor was not in court at the traffic arraignments and if the Criminal Mischief charge were not disposed of, defendant would had to have remain in jail several more days until misdemeanor arraignments were scheduled.
C. State v. Samuels, Case Number CTC84-13870-C
On October 15, 1984, defendant's attorney pled her to Retail Theft of a bracelet valued at $1.99. Judge Clayton summarily accepted the plea while on a recess from traffic court without the knowledge of the State Attorney.
D. State v. Guinon, Case Number CTC85-4960-C
On April 1, 1985, Judge Clayton entered a plea for the defendant and sentenced him at the request of a police sergeant, who was a friend of the defendant and not involved in the case, and without the knowledge of the State Attorney. Judge Clayton told the officer to tell the defendant the disposition of the case.
2. In several instances, Judge Clayton exceeded his proper judicial position by assuming the role of advocate on behalf of defendants. Although Judge Clayton's motives were without immoral, corrupt or illegal intent, such conduct violated the Code of Judicial Conduct. In no case is there evidence that Judge Clayton willfully abused or fraudulently exceeded his powers as a County Judge.
The Code of Judicial Conduct in Canon 3(A)(4) states that "[a] judge should accord to every person who is legally interested inM a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding." This canon implements a fundamental requirement for all judicial proceedings under our form of government. Except under limited circumstances, no party should be allowed the advantage of presenting matters to or having matters decided by the judge without notice to all other interested parties. This canon was written with the clear intent of excluding all ex parte communications except when they are expressly authorized by statutes or rules. E. Thode, Reporter's Notes to Code of Judicial Conduct (1973). In at least four instances, Judge Clayton violated this canon.
Accordingly, we approve the stipulation and recommendation of the Judicial Qualifications Commission and hereby publicly reprimand County Court Judge Wiley G. Clayton.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.