577 So.2d 1004 (1991)
Verner A. TEEFT, Appellant,
v.
LUNA CHEESE CORPORATION OF FLORIDA, Appellee.
No. 90-129.
District Court of Appeal of Florida, Fifth District.
April 18, 1991.
William L. Townsend, Jr., of Walton, Townsend & McLeod, Palatka, for appellant.
Jason G. Reynolds of Coble, Barkin, Gordon, Morris & Reynolds, P.A., Daytona Beach, for appellee.
PETERSON, Judge.
Verner A. Teeft appeals the denial of his motion for new trial. We reverse and remand for a new trial.
Luna Cheese Corporation of Florida (Luna) alleged in its complaint against Teeft and two other defendants a violation of the odometer disclosure requirements of Title XV, United States Code, section 1988, when he participated in a sale of a truck to Luna. The court recessed following the presentation of each party's case in this non-jury trial. During the recess and without the knowledge, consent, or presence of any of the parties or their attorneys, the trial judge requested that a witness who had testified earlier return for a meeting in chambers. During the meeting, the judge copied several documents from the witness' file that might be evidence of Teeft's participation in the sale.
After announcement of the court's verdict and entry of judgment against Teeft alone for $15,683.35, the trial court ordered that the documents he had received during the secret meeting be placed into a sealed envelope. The envelope was marked in a manner so that it could not be opened, except by the state attorney, without the judge's permission.
Later, Teeft learned about the meeting and the sealed documents and moved for a new trial. During the hearing on the motion, which was held before a different judge, Teeft elicited the following testimony from the witness who met with the trial judge:
Q Okay. Now, explain again, if you would, why was  why did Judge Perry say he was looking for these documents?
A He asked me if I had anything that would tie Mr. Teeft to this particular  let me think how he said that  he asked me if I had anything that would tie Mr. Teeft to this particular case concerning the sale of the vehicle and his association with the corporation or any tie-in to the corporation to sell that unit for them.
The judge who presided over the hearing denied the motion for a new trial. In the order of denial, the judge, citing Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), indicated that the conduct of a trial is within the discretion of the presiding judge and that this judge could not substitute its conclusions for those of the trial judge.
Applegate stands for the proposition that the absence of a record on appeal precludes *1005 a reviewing court from properly resolving underlying factual issues that the trial court's judgment is not supported by the evidence or by an alternative theory. Applegate is not applicable in this instance since the question raised by Teeft does not involve an underlying issue of fact, that is, a fact proving or disproving an allegation of Luna's complaint. The motion for new trial concerned the conduct of the trial judge while not in the arena of litigation. It is not surprising that no record exists of the meeting between the witness and the trial court since none of the attorneys or parties who would secure a court reporter were apprised of the meeting. The proceedings on the motion for new trial were recorded, however, and are before this court.
The Florida Supreme Court considered Canon 3(A)(4) of the Code of Judicial Conduct in In re Inquiry Concerning a Judge: Clayton, 504 So.2d 394 (Fla. 1987). The Canon states that a judge should neither initiate nor consider ex parte communications concerning a pending or impending proceeding. The canon further states, "This canon implements a fundamental requirement for all judicial proceedings under our form of government." A secret meeting between a witness who has finished testifying and the trial judge before whom the witness has appeared is fundamentally unfair to the parties to the action.
While the ex parte interrogation was most likely motivated by an overwhelming desire to arrive at a correct decision in the matter, a trial judge who initiates a secret meeting with a witness for the purpose of obtaining evidence aiding in the determination of the case before him denies the parties due process and a fair and impartial hearing in that case. See Safie v. Safie, 414 So.2d 623 (Fla. 3d DCA 1982).
On remand, we direct that the underlying case be heard de novo.
REVERSED and REMANDED.
W. SHARP and GRIFFIN, JJ., concur.