WARNER, Judge,
dissenting.
I dissent. Petitioner asks us to issue a writ of prohibition to prevent the trial court judge from continuing to act in the proceedings below after having denied a motion to disqualify. The petitioner claims that the motion was legally sufficient and that the judge went beyond a determination of the sufficiency of the motion in denying it. I would grant the writ.
From the affidavits filed with the motion to disqualify we are apprised that the case below involves consolidated medical malpractice actions. The case had been set for trial in April, and the pretrial order required the parties to disclose expert witnesses no later than January 8, 1991. On January 7, 1991, the plaintiff objected to defendant-petitioner’s expert interrogatories, stating that it was unknown which experts would testify. The case was reset by the court on January 14th for trial on May 6th with an accompanying order that all expert witnesses were to be disclosed by February 5th, and discovery was to be completed by March 7th. On February 5,1991, the plaintiffs served their disclosure of 13 expert witnesses who had not previously been disclosed. Eleven of these experts were located out of state in a variety of states from Texas to New Hampshire.
In order to complete discovery by the cutoff point, petitioner’s attorney’s legal assistant began calling the plaintiff’s expert witnesses to set up their depositions. At approximately 10:30 on February 11, 1991, the legal assistant was contacted by one of plaintiff’s attorneys who ordered her to cease calling plaintiffs’ experts. Subsequent conversations occurred between the attorneys, with petitioner’s attorneys refusing to stop calling to set up depositions in the absence of agreed deposition dates. Plaintiff’s attorney refused and told petitioner’s counsel that he immediately intended to file an emergency motion for protective order and to seek an emergency hearing. Plaintiff’s attorney requested that petitioner’s counsel be ready to attend such a hearing.
Petitioner’s attorney immediately contacted a court reporter and instructed her to proceed to the trial judge’s chambers to be available to transcribe any emergency hearing. After receiving plaintiff’s emergency motion about noon, the petitioner’s attorney and legal assistant also proceeded to the judge’s chambers.
When the court reporter arrived at the judge’s chambers, the judge advised her *615 that he had no hearing scheduled and had no time to conduct any hearing, the judge being in the middle of trial. The reporter advised petitioner’s attorney of the development when he arrived. They both left, after calling plaintiffs attorney and advising his office that they would continue to be available for any hearing.
At approximately 2:00 p.m. that same day, petitioner’s attorney was advised that the judge had signed an emergency protective order preventing both parties from contacting each other’s experts. The order stated that the motion was granted “mutually to preclude that or the reverse happening. This court has no emergency time to hear testimony regarding such activity if it exists but such conduct is reprehensible and warrants sanctions. If it is going on it shall stop instanter.” The petitioner’s attorney also confirmed with the trial judge’s bailiff that plaintiff’s counsel had spoken to the judge and obtained the order.
At the hearing on the motion to disqualify the trial court offered the following additions to the account. He acknowledged telling the court reporter that no hearing would be held. However, after he came back from lunch, plaintiff’s counsel came in with the emergency motion. The judge told him that he had no time to hear it. He asked what the problem was, and plaintiff’s attorney told him that “somebody is trying to take a deposition and he needed a restraining order.”
And I said “the only kind of order I could possibly grant is a mutual restraining order ...” He said “I will take that.” And I said, “Fine.” He told me enough facts so I could write the order.
The order, recited above, states that “if it exists such conduct is reprehensible and warrants sanctions.”
I think that the motion and affidavits stated a legally sufficient ground for disqualification based upon ex parte communications between the plaintiff's attorney and judge which resulted in an ex parte order directed at conduct of the petitioner’s attorney. The trial judge’s attempt to explain what occurred, rather than supporting an independent ground for disqualification by taking issue with the motion, actually support what is stated in the motion and affidavits.
While not all ex parte communications between counsel and the trial judge may automatically compel disqualification, see Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990), where such ex parte communications concern the factual matters of a pending motion and result in an order being entered by the judge adverse to the excluded party, I conclude that a reasonable person would fear that he or she would not receive a fair trial before the judge. The Supreme Court stated in In Re Clayton, 504 So.2d 394, 395 (Fla.1987):
The Code of Judicial Conduct in Canon 3(A)(4) states that “[a] judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding.” This canon implements a fundamental requirement for all judicial proceedings under our form of government. Except under limited circumstances, no party should be allowed the advantage of presenting matters to or having matters decided by the judge without notice to all other interested parties. This canon was written with the clear intent of excluding all ex parte communications except when they are expressly authorized by statutes or rules. E. Thode, Reporter’s Notes to Code of Judicial Conduct (1973). (Emphasis added).
This is especially true in the instant case when petitioner took immediate steps to make sure that its attorney and a court reporter would be present at any time when the motion for protective order might be taken up, and the judge himself told the court reporter to leave. There is also no question that the merits of the motion were discussed ex parte since the judge himself said that the plaintiff’s attorney “told me enough facts so I could write the order.” Since the motion filed by plaintiff only stated that the petitioners had ex parte commu *616 nications with plaintiffs expert witnesses, one can only speculate as to what other facts were relayed to the judge for him to write in his order that “such conduct is reprehensible and warrants sanctions.” Certainly, more must have been said for the court to use such strong language.
The fundamental precept of due process is notice and an opportunity to be heard before the court takes action. As noted in Clayton, only very limited exceptions to this rule may occur when allowed by statute or rule. No such statute or rule allows the ex parte presentation of this motion to the judge for action. While this may be termed a temporary restraining order, the plaintiff’s attorney did not (and could not in good conscience) comply with the dictates of Florida Rule of Civil Procedure 1.610(a). Further, the fact that this order is a mutual restraining order, thus acting equally against both parties, is of no consequence when the offending conduct is alleged to be solely that of the petitioner’s attorney. Thus, I would grant the writ of prohibition. I think the petitioner has a reasonable fear of bias or prejudice when the trial judge acted ex parte and contrary to In re Clayton at the behest of plaintiff’s attorney under the circumstances of this case.