GEIGER, DWIGHT L., Associate Judge.
This is an appeal from a non-final order of custody, requiring supervised visitation by Appellant Robert Pierce of the parties’ now nine-year-old daughter. Pierce also seeks review of the denial of his motion for recusal of the trial judge. Appellee has not filed a brief with this court. For the reasons that follow, we reverse the trial court’s order.
Appellee, Demaris Tello, filed a suit to determine paternity and to establish custody and visitation in October of 2002. Thereafter she filed a petition for injunction to protect her from violence by Pierce. At the injunction hearing on November 22, 2002, the trial judge granted the injunc *1254 tion, which prohibited any harmful contact for a period of three months and ordered urine and hair sample drug testing for both parties and shared custody of the minor child. The blank in the resulting written injunction for the time period was not filled in. A week later the judge received a faxed copy of a lab report showing that Pierce’s hair sample had tested positive for cocaine and metabolites. Based upon the lab report the judge entered an ex-parte order on December 4, 2002 suspending all contact between Pierce and his daughter and set a status hearing on the drug test fifteen days later. Neither party apparently received a copy of the lab report. At the status hearing Pierce asked for the trial judge to recuse herself and was advised that such a motion had to be in writing. The hearing resulted in a written order requiring supervised visits between Pierce and the child and temporary child support. The written order also denied his motion to recuse. Pierce later filed a written motion to recuse which did not attach the affidavit required by Florida Rule of Judicial Administration 2.160(c) and which was also denied.
“Due process principles apply to modification proceedings including child custody and visitation matters.” Murphy v. Ridgard, 757 So.2d 607, 608 (Fla. 5th DCA 2000). Canon 3(B)(7) of the Code of Judicial Conduct states that “a judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding.” The Supreme Court has said that “this canon implements a fundamental requirement for all judicial proceedings under our form of government.” In re Inquiry Concerning a Judge: Clayton, 504 So.2d 394, 395 (Fla.1987). We conclude that it was error for the trial judge to base her order suspending Pierce’s contact with the child on an ex-parte communication and that this resulted in a violation of due process. See Teeft v. Luna Cheese Corp. of Fla., 577 So.2d 1004, 1005 (Fla. 5th DCA 1991); Safie v. Safie, 414 So.2d 623 (Fla. 3d DCA 1982). Consequently, we reverse the December 4, 2002 order and all subsequent orders appealed and remand for further proceedings before a substitute judge on a de novo basis.
Aside from the order on custody and supervised visitation, the trial court’s incomplete domestic violence injunction was still in place in September 2003 when Pierce crossed paths with Tello in a peaceful attempt to pick up the daughter. Pierce was arrested for violation of the injunction, and now seeks a writ of mandamus to quash the resulting information formally charging him with violating a domestic violence injunction. Pierce argues that the injunction should have long since expired. We conclude that we do not have jurisdiction over the state attorney prosecuting Pierce for violation of a domestic violence injunction and therefore deny his petition for a writ of mandamus.
REVERSED.
STEVENSON and SHAHOOD, JJ„ concur.