657 So.2d 950 (1995)
George W. SCHOLZ, Petitioner,
v.
Hon. James C. HAUSER, Circuit Court Judge, etc., et al., Respondents.
No. 95-1306.
District Court of Appeal of Florida, Fifth District.
July 13, 1995.
Bernard H. Dempsey, Jr. and Daniel N. Brodersen of Dempsey & Associates, P.A. Winter Park, for petitioner.
*951 Robert A. Butterworth, Atty. Gen., and George L. Waas, Asst. Atty. Gen., Tallahassee, for respondent Hon. James C. Hauser.
John A. Reed, Jr., Morey Raiskin and James S. Toscano of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for respondent RDV Sports, Inc.
COBB, Judge.
Petitioner, George W. Scholz, seeks a writ of prohibition following the denial of his motion to disqualify respondent, the Honorable James C. Hauser. Scholz filed a reverse discrimination and defamation action against the Orlando Magic after being terminated as an assistant coach. Judge Hauser was assigned the case.
The central allegation in the motion to disqualify is that Scholz's attorney observed Judge Hauser at the NBA playoff game in Orlando on April 30, 1995, and after the game the judge was seen with a camera around his neck entering a restricted area limited to Orlando Magic players, officials, and members of the Orlando Arena Club. The motion to disqualify was accompanied by the affidavits of Scholz and his attorney. Scholz indicated that during his tenure with the Orlando Magic, not even his wife was allowed in this restricted area.
A litigant who believes that a judge has accepted special privileges from an opposing party could reasonably fear that he may not receive a fair trial or hearing. The allegation that the trial judge was viewed entering a restricted area after the playoff game is legally sufficient to require disqualification. See generally, Rule 2.160(d) and (f), Florida Rules of Judicial Administration (initial motion to disqualify should be determined only on basis of legal sufficiency  party must specifically describe perceived prejudice or bias of judge); Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). The supreme court has indicated that if a charge of judicial bias or prejudice is "predicated on grounds with a modicum of reason," the judge should recuse himself. See Livingston v. State, 441 So.2d 1083 (Fla. 1983) (quoting Dickenson v. Parks, 104 Fla. 577, 582-84, 140 So. 459, 462 (1932)).
At the hearing on the motion to disqualify, Judge Hauser indicated that he was wearing binoculars around his neck, not a camera. The judge also stated that he went into the restricted area to see the network television trailer, and never saw anybody from the Orlando Magic. However, a judge considering a motion to disqualify is not permitted to pass on the truth of the facts alleged. See Rule 2.160(f), Florida Rules of Judicial Administration. We therefore grant the petition for writ of prohibition.
PETITION GRANTED.
PETERSON, CJ. and HARRIS, J., concur.