685 So.2d 1363 (1996)
Angela Marie BENSON, Petitioner,
v.
Honorable Chet A. THARPE, Circuit Judge, Respondent.
Edward MULLINS, Petitioner,
v.
Honorable Chet A. THARPE, Circuit Judge, Respondent.
Damon Frank SCANLON, Petitioner,
v.
Honorable Chet A. THARPE, Circuit Judge, Respondent.
John SMITH, Petitioner,
v.
Honorable Chet A. THARPE, Circuit Judge, Respondent.
Jessica TURNER, Petitioner,
v.
Honorable Chet A. THARPE, Circuit Judge, Respondent.
Nos. 96-02108, 96-02128, 96-02449, 96-02806 and 96-02808.
District Court of Appeal of Florida, Second District.
July 31, 1996.
*1364 Julianne M. Holt, Public Defender; and Theda R. James and Deborah A. Goins, Assistant Public Defenders, Tampa, for Petitioners.
Robert A. Butterworth, Attorney General, Tallahassee; and Jon J. Johnson and John T. Salgado, Assistant Attorneys General, Tampa, for Respondent.
PER CURIAM.
These consolidated petitions for writ of prohibition seek the respondent's disqualification from presiding over five juveniles' criminal trials in the adult division of the circuit court. The petitions are based on comments by the respondent in an unrelated case. Because we are convinced, from a reading of the entire record, that this trial judge has not formed an intent to ignore the clear dictates of the law, the petitions are denied.
The petitioners allege that respondent is predisposed to impose adult sanctions on all juveniles before hearing how they might qualify for juvenile sanctions pursuant to chapter 39, Florida Statutes (1995). The petitions all quote the same remark by respondent, which seems to support their argument when taken out of context. The offending quotation reads:
THE COURT: If this comes back and you can tell all your juvenile clients ahead of time, I don't intend to sentence juveniles and give them the benefit of the juvenile statute if my hands are tied. I spent three and a half years doing that, I'm not going to do it anymore unless I get reassigned to the juvenile division again.
So let your juvenile defendants, juvenile clients know that if my hands are tied up here as they were down there, they're not going to get the benefit of Chapter 39.
Judicial comments evincing a determination to rule a particular way prior to hearing the evidence or argument have been a frequent cause for successful prohibitions or reversals. See, e.g., Gonzalez v. Goldstein, 633 So.2d 1183 (Fla. 4th DCA 1994) (granting prohibition after judge announced that he would sentence defendant to the top of the guidelines before taking testimony in mitigation); Lewis v. State, 530 So.2d 449 (Fla. 1st DCA 1988) (reversing sentence after trial judge announced before trial that he did not try third-degree felonies in his court and that a departure sentence of the maximum penalty would be imposed if the case proceeded to trial).
Standing alone, the respondent's comments suggest that he has prejudged all upcoming cases involving juvenile defendants and that he would decline to consider the criteria in section 39.059, Florida Statutes (1995), before determining the propriety of juvenile sanctions. The full transcript of the hearing places the remarks in the following context. Several days earlier, the court had imposed juvenile sanctions and retained jurisdiction to insure that the juvenile would be under supervision for five years. The legality of this sentencing arrangement was discussed by the attorneys and the court, with no definitive conclusion. At this point, respondent indicated that he would discontinue the use of juvenile sanctions in adult court if the appellate court ruled that he could not retain jurisdiction over the defendants until *1365 their twenty-first birthdays. It is within this context that the respondent twice says "if my hands are tied."
There is no indication in the record before us that there was an immediate threat to abandon juvenile sanctions. Any perceived threat was contingent upon the outcome of an appeal to this court. Accordingly, the petitions have been filed prematurely. We have confidence that respondent will fulfill his oath of office to uphold the law and that he will follow the dictates of chapter 39 when evaluating the appropriate sanctions for juvenile defendants. A judge who consistently refuses to follow a state statute or binding decision may be in violation of Florida Code of Judicial Conduct, Canon 3 B(2), and may be subject to appropriate discipline.
Petitions for writs of prohibition denied.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., concur.