683 So.2d 1138 (1996)
Wayne ROLLINS, Petitioner,
v.
Hon. Joseph P. BAKER, Circuit Court Judge, etc., Respondent.
No. 96-2825.
District Court of Appeal of Florida, Fifth District.
December 13, 1996.
*1139 Terry C. Young and Janet M. Courtney of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Petitioner.
Judge Joseph P. Baker, Orlando, Pro se.
PER CURIAM.
Petitioner, Wayne Rollins, seeks a writ of prohibition to disqualify respondent, the Honorable Joseph P. Baker, in Rollins' pending dissolution of marriage proceedings. We grant the petition.
Petitioner alleged in his motion to disqualify that for an undetermined time Judge Baker permitted petitioner's wife's attorney to appear before him ex parte, without notice to petitioner or his attorney, to discuss the wife's request for entry of an injunction for protection pursuant to section 741.30(5)(a), Florida Statutes. According to the motion, Judge Baker did attempt to contact petitioner's attorney by phone, but was unable to reach him because the attorney was attending an out-of-city deposition. Judge Baker spoke with a colleague of petitioner's attorney and stated that he was inclined to enter the injunction, but that if the petitioner accepted the wife's proposed stipulation, he would not enter the injunction.
Judge Baker said he would take this course of action because petitioner is a professional athlete and allegations of domestic violence could have an adverse effect upon the petitioner's career.[1] Petitioner alleged he felt compelled to accept the wife's stipulation because of Judge Baker's comments. He later learned that the petition for injunction did not meet the requirements of subsections 741.30(3)(a) and (b), Florida Statutes, because it failed to set forth with specificity the required statutory allegations; it had not been filed with either the clerk of the court or Judge Baker; notice of the petition for injunction was not served upon petitioner or his attorney as required by Florida Rule of Civil Procedure 1.080; and it was not verified as required by Rule 1.610.
Petitioner also alleges that at a subsequent hearing on a motion to compel, Judge Baker made the following gratuitous comments:
(1) Judge Baker stated that he was not aware that the Orlando Magic season had started and gratuitously informed counsel for the parties that he was not an Orlando Magic fan.
(2) Judge Baker informed Mr. Rollins' counsel that Mr. Rollins' presence at hearings took priority over his job, that many people who lived "hand to mouth" miss work in order to attend court and that he was certain that Mr. Rollins did not live "hand to mouth."
(3) Judge Baker informed counsel for both parties that although Mr. Rollins may be a "Tree" in the "Arena," he is no "Tree" in his court.
Thereafter, the petitioner timely filed his motion to disqualify Judge Baker, who denied the motion determining that it was "legally insufficient." The petitioner filed this petition for prohibition. This court issued an order to show cause and Judge Baker filed a pro se response.
First, the trial court should not have participated in an ex parte meeting with petitioner's wife's attorney. Section 741.30(5)(a) does allow for the issuance of an ex parte temporary injunction pending a full hearing. However, the trial court is limited to ruling upon verified pleadings or affidavits. No other evidence may be considered unless the respondent appears. See § 741.30(5)(b), Fla. Stat. (1995). We addressed ex parte communications between judges and attorneys in Hanson v. Hanson, 678 So.2d 522 (Fla. 5th DCA 1996), and stated, "the most insidious result of ex parte communications is their effect on the appearance of the impartiality of the tribunal; the impartiality of the trial judge must be beyond question." Id. at 524 (quoting Rose v. State, 601 So.2d 1181, 1183 (Fla.1992)). In deciding the legal sufficiency of a motion to disqualify, a court must determine whether the facts alleged would prompt a reasonably prudent person to fear he would not receive a *1140 fair trial. Fischer v. Knuck, 497 So.2d 240 (Fla.1986); Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981); Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983). We agree with petitioner that the ex parte communications, together with Judge Baker's comments at the motion to compel hearing, were sufficient to create a well-grounded fear of lack of impartiality.
We note further that Judge Baker filed a pro se response to this court's order to show cause and has gone beyond stating why the petition is legally insufficient. He comments on facts not alleged either in the petition or in the underlying motion to disqualify, he tries to explain his actions, and he attempts to correct or explain allegations in the petition. Further, he inappropriately passes on the truth of the facts asserted. Scholz v. Hauser, 657 So.2d 950, 951 (Fla. 5th DCA 1995). By doing so, Judge Baker has interjected himself into the litigation and has assumed the role of an adversary. This alone is a basis for disqualification. Bundy v. Rudd, 366 So.2d 440 (Fla.1978); MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990); Ellis v. Henning, 678 So.2d 825 (Fla. 4th DCA 1996); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985).
Judges are often confronted with the dilemma of whether or not to respond to a show cause order in these types of cases. Perhaps the best course of action is to request the attorney general's office to file a response on behalf of the judge limited to the legal sufficiency of the facts set forth by the petitioner. See Ellis.
Accordingly, we grant the petition for writ of prohibition. Because we are confident that the trial judge will promptly comply with this court's opinion, we withhold formal issuance of the writ.
WRIT GRANTED.
HARRIS and THOMPSON, JJ., concur.
GRIFFIN, J., concurs specially in result only.
NOTES
[1] Petitioner is known as "Tree" Rollins and is employed as an assistant coach with the Orlando Magic professional basketball team.