PER CURIAM.
There is no doubt that the trial judge’s participation in an ex-parte hearing at which opposing counsel made highly adverse statements concerning the absent and unrepresented appellant was so irremediably improper that he was mandatorily required to recuse himself. See Rollins v. Baker, 683 So.2d 1138 (Fla. 5th DCA1996); Wilson v. Armstrong, 686 So.2d 647 (Fla. 1st DCA 1996); Hanson v. Hanson, 678 So.2d 522 (Fla. 5th DCA 1996); Hatin v. Mitjans, 578 So.2d 289 (Fla. 3d DCA 1991), review denied, 591 So.2d 181 (Fla.1991). Accordingly, we reverse the order under review denying the appellant’s motion for disqualification. Because the irregularity permeated the entire proceeding, we also vacate the order appointing a limited guardian[1] and remand for appropriate proceedings before another judge.
Reversed, vacated and remanded.

. We need not consider the appellant's other claims of error in this ruling.