PER CURIAM.
Noel Robbins has filed a petition for writ of prohibition challenging the trial court’s order denying his motion to disqualify the trial judge filed pursuant to Florida Rule of Judicial Administration 2.160. Because we find that the motion was legally sufficient and should have been granted, we grant Robbins’ petition for writ of prohibition.
Robbins is currently involved in postdis-solution litigation with his former wife, Karen Robbins, n/k/a Karen Hicks (hereinafter “Hicks”) regarding the modification of child support. On March 17, 1999, Robbins filed his motion to recuse the trial judge which alleged that on March 11, 1999, he learned certain information which led him to believe he could not receive a fair hearing in front of the trial judge. Specifically, he alleged that Hicks has repeatedly told him that she and the trial judge are friends and that she will always prevail in hearings held in front of this judge; that Hicks has been seen socializing with the trial judge on numerous occasions; and that Hicks’ former counsel had an ex parte communication with the judge about the case. With regard to the alleged ex parte communication, Robbins specifically stated that he learned about it from his daughter on March 11, 1999. In support of his motion, Robbins filed an affidavit executed by his daughter describing what she knew of the alleged communication.
The trial court denied Robbins’ motion, finding that it was untimely and, therefore, legally insufficient. Rule 2.160 provides that a motion to disqualify must be filed within ten days after discovery of the facts constituting the grounds for the motion. As noted above, Robbins alleged that he learned the information on March 11, 1999. While there is some ambiguity regarding when Hicks told Robbins about her alleged friendship with the judge and when she was seen socializing with the judge, Robbins’ motion clearly alleged that he learned about the ex parte communication on March 11, 1999. Thus, his motion was timely as to this allegation. See, e.g., Brake v. Murphy, 693 So.2d 663 (Fla. 3d DCA 1997) (holding that a disqualification motion was timely when filed within days of actual discovery of facts giving rise to the motion even though documents con *397 taining information had been in party’s possession for more than ten days).
Hicks’ argument that the allegation of ex parte communication is legally insufficient because it is based on hearsay is without merit. See Barnett v. Barnett, 727 So.2d 311, 312 n. 2 (Fla. 2d DCA 1999). Moreover, this allegation, alone, is legally sufficient to require recusal. See, e.g., Rollins v. Baker, 683 So.2d 1138, 1139 (Fla. 5th DCA 1996) (holding that the ex parte communications together with certain comments made by the judge were sufficient to require recusal and noting that “ ‘the most insidious result of ex parte communications is their effect on the appearance of the impartiality of the tribunal’”) (quoting Rose v. State, 601 So.2d 1181, 1183 (Fla.1992)); Brake v. Murphy, 693 So.2d 663 (Fla. 3d DCA 1997) (holding that evidence of ex parte eommvmication between the judge and the opposing party necessitated recusal).
We also note that Robbins’ allegation of Hicks’ friendship with the judge, together with the allegation that she has been seen socializing with the judge, is also legally sufficient to require recusal. See, e.g., Scholz v. Hauser, 657 So.2d 950 (Fla. 5th DCA 1995) (holding that allegation that judge in case involving professional basketball team was seen entering restricted area of stadium after play-off game was legally sufficient in that it gave the appearance that the judge had received special favors from one party).
Accordingly, we grant the petition for writ of prohibition. The trial judge shall be removed from this case and a substitute judge appointed for any further proceedings. Pursuant to rule 2.160(h), Robbins may file a motion for reconsideration of the rulings of the disqualified judge if he so chooses.
CAMPBELL, AC.J., and GREEN and DAVIS, JJ., Concur.