870 So.2d 248 (2004)
Dawn Yvone Faulkner PEARSON, Petitioner,
v.
Lance William PEARSON, Respondent.
No. 2D04-739.
District Court of Appeal of Florida, Second District.
March 26, 2004.
Joseph J. Registrato, Tampa, for Petitioner.
Lance K. Stalnaker and Randall O. Reder, Tampa, for Respondent.
PER CURIAM.
Dawn Yvone Faulkner Pearson ("Petitioner") seeks a writ of prohibition against *249 Circuit Judge Monica Sierra to disqualify her from presiding over any further postjudgment proceedings in her dissolution action. We conclude that Pearson's motion to disqualify was legally sufficient and should have been granted. Accordingly, we grant the petition and issue the writ of prohibition.
Petitioner and her former husband, Lance William Pearson ("Respondent"), had a child in 1997. The final judgment dissolving their marriage awarded Petitioner primary custody of the child, and Respondent, who lives in Mississippi, was awarded visitation. Visitation was to begin in May 2000, but according to a contempt motion Respondent filed, it did not occur as scheduled.
The events precipitating Petitioner's motion to disqualify Judge Sierra occurred during a December 5, 2003, hearing on Respondent's contempt motion regarding the May 2000 visitation. According to Petitioner's motion to disqualify, neither party sought to have the child called as a witness, but the trial court ordered Petitioner to bring the child to court. The motion to disqualify states that Judge Sierra had the parties removed from the courtroom during the hearing. She then had the child brought into the courtroom and, after speaking with the child, had Respondent brought into the courtroom as well. Neither the attorneys for the parties nor Petitioner were present during the meeting between Judge Sierra, the child, and Respondent. Judge Sierra's order on the motion for contempt explains that the purpose of the interview with the child was to "determine whether a change of custody was an appropriate sentence/punishment" for contempt, but it offers no insight into the purpose of the ex parte communication with Respondent.
The Code of Judicial Conduct in Canon 3(B)(7) states that:
[A] judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding."[1] "Nothing is more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant.
Rose v. State, 601 So.2d 1181, 1183 (Fla. 1992). It is because of its effect on the appearance of impartiality that an allegation of an ex parte communication is legally sufficient to require recusal. See, e.g., Robbins v. Robbins, 742 So.2d 395 (Fla. 2d DCA 1999) (holding that an ex parte communication alone is legally sufficient to require recusal); Rollins v. Baker, 683 So.2d 1138, 1139 (Fla. 5th DCA 1996) (holding that the ex parte communications together with certain comments made by the judge were sufficient to require recusal); Brake v. Murphy, 693 So.2d 663 (Fla. 3d DCA 1997) (holding that evidence of ex parte communication between the judge and the opposing party necessitated recusal).
Thus, Petitioner's allegation of an ex parte communication alone adequately established a reasonable basis to fear that she would not receive a fair hearing in subsequent proceedings. That incident taken together with the trial court's expressed desire to "punish" Petitioner with a change of custody that was not sought by Respondent makes an even more compelling basis for a reasonably prudent person to fear that she would not receive a fair *250 hearing. Accordingly, we grant the petition and issue the writ of prohibition disqualifying Judge Sierra from further participation in this matter.
WHATLEY, KELLY, and WALLACE, JJ., Concur.
NOTES
[1] This canon includes five exceptions, none of which apply here.