917 So.2d 242 (2005)
Richard J. HOLTER, Petitioner,
v.
Patricia DOHNANSKY, Respondent.
No. 5D05-3699.
District Court of Appeal of Florida, Fifth District.
December 9, 2005.
*243 Alex Finch of The Aronsohn Law Group, LLP, Longwood, for Petitioner.
No Appearance for Respondent.
MONACO, J.
Richard J. Holter seeks a writ of prohibition to review an order denying his motion to disqualify the lower court judge. Because the order was improperly denied as untimely, and because the motion to disqualify the trial judge was legally sufficient, we reverse.
Mr. Holter filed a motion to disqualify based on his contention that the order of the trial judge depriving him of visitation rights with his natural child was based on an ex parte procedure from which he was excluded. Rule 2.160(e) of the Florida Rules of Judicial Administration requires a motion to disqualify to be filed within a reasonable time, not to exceed ten days, after discovery of the facts constituting the grounds for disqualification. The trial court denied the order in the present case because it was filed on the eleventh day after the date of the proceeding from which he was excluded. The tenth day, however, fell on a Sunday. By virtue of Rule 1.090(a), Florida Rules of Civil Procedure, however, because the last day of the period fell on a Sunday, the ten-day filing period actually ran to the end of the next day that was not a Saturday, Sunday or holiday. Thus, the motion was timely.
Without further detailing the facts, suffice it to say that a reasonable person might under the circumstances justifiably fear that a judge was biased against him or her because of the ex parte unrecorded hearing and the sua sponte issuance by the judge of an order adverse to the petitioner. Cf., Garner v. Martinez, 691 So.2d 9 (Fla. 3d DCA 1997); Brake v. Murphy, 693 So.2d 663 (Fla. 3d DCA), review denied, 700 So.2d 686 (Fla.1997); Rollins v. Baker, 683 So.2d 1138 (Fla. 5th DCA 1996). We do not mean to imply by this opinion that the respected trial judge in this case actually acted out of improper motives. Obviously, the trial judge is put at a disadvantage by not being able to address the merits of the motion, and we do not know his version of the story. We say only that a party under these circumstances might reasonably fear that he or she would not be treated fairly by the judge. See Fla. R. Jud. Admin. 2.160(d).
We conclude, therefore, that the trial judge must be disqualified from presiding further in this case.
PETITION GRANTED.
PETERSON and ORFINGER, JJ., concur.