984 So.2d 534 (2008)
Shaniah ROLLE, a minor by and through her natural parent and guardian, Queen Seriah Azulla DABRIO, and Queen Seriah Azulla Dabrio, individually, Petitioners,
v.
Gary A. BIRKEN, M.D., South Florida Pediatric Surgeons, P.A., etc., et al., Respondents.
No. 3D07-3251.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Rehearing and Rehearing Denied June 20, 2008.
Burlington & Rockenbach and Philip M. Burlington, West Palm Beach; Sheldon J. Schlesinger and Scott M. Newmark, Fort Lauderdale, for petitioners.
Stephens, Lynn, Klein, Lacava, Hoffman & Puya and Roberta G. Mandel; R.A. Cuevas, Jr., Miami-Dade County Attorney, and Eric K. Gressman, Assistant County Attorney; Abadin, Jaramillo, Cook, and Kimberly A. Cook and Erin E. Dardis, Miami, for respondents.
Before RAMIREZ, SHEPHERD, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied June 20, 2008.
SUAREZ, J.
Plaintiffs petition for a writ of prohibition requiring the trial judge to disqualify himself from proceeding with this cause of action after comments he made following the filing of a Petition for Writ of Mandamus requesting that the cause be set for trial. We deny the petition.
The facts and reasons given for disqualification of a trial court judge must be such that the actions of the trial court judge show personal bias or prejudice. See Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995). The remarks of the trial court judge in the present case fail to demonstrate personal bias or prejudice and cannot be interpreted as creating in the petitioners an objectively reasonable well-grounded fear that the petitioners will not receive a fair and impartial trial. See Rodgers v. State, 948 So.2d 655, 673 (Fla. 2006) (holding that a motion to disqualify a judge is legally insufficient if it does not demonstrate an objectively reasonable, well-grounded fear of not receiving a fair and impartial trial), cert. denied, ___ U.S. ___, 128 S.Ct. 59, 169 L.Ed.2d 50 (2007).
The trial judge's pro se response filed in this Court is not grounds for disqualification. The trial judge does not attempt to dispute the basis of the charges of disqualification, try to explain his actions or pass on the truth as stated, any of which could *536 be grounds for disqualification. Scholz v. Hauser, 657 So.2d 950, 951 (Fla. 5th DCA 1995). All the trial court judge attempts to do in the pro se response is explain the record and what had transpired in this action. Kowalski v. Boyles, 557 So.2d 885, 887 (Fla. 5th DCA 1990) (holding that in ruling on the legal sufficiency of a motion to disqualify, the judge may explain the status of the record).
Unlike the facts in Rollins v. Baker, 683 So.2d 1138 (Fla. 5th DCA 1996), relied upon by the dissent, there was no ex-parte communication here demonstrating bias on the part of the trial judge, and the trial judge did not "pass on the truth of the facts asserted" or comment on facts not alleged in the motion to disqualify. Rollins, 683 So.2d at 1140. Likewise, the trial judge's response to the Petition for Writ of Prohibition does not argue that the allegations in the Motion to Disqualify are falsewhich would put him in an adversarial position of attempting to refute charges of partiality. See Hill v. Feder, 564 So.2d 609 (Fla. 3d DCA 1990).
The facts here are more analogous to the case of Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990), where, in response to a motion to reduce bail, the trial judge's comment, that he did not care whether the lawyer, charged with fraud and grand theft, got out of jail, did not require recusal. In ruling on a motion for disqualification, the Fourth District held that the trial judge's "gratuitous remarks" did not require recusal. See Nassetta, 557 So.2d at 920; see also Benson v. Tharpe, 685 So.2d 1363, 1364 (Fla. 2d DCA 1996) (holding that judge's comment that his "hands were tied" did not establish that he was predisposed to impose adult sanctions for juveniles, but meant that his rulings were contingent upon a decision by the appellate court). Likewise, the remarks of the trial judge here, "I'm not going to be threatened" and "I don't care what the Third District does with this case," do not require disqualification. The first is a gratuitous comment showing the judge's attempt to remain neutral, and the second indicates that he will abide by a decision from this Court directing him on whether to set the case for trial.[1] Neither comment is grounds for the granting of a petition for writ of prohibition. The trial judge's comments must be read in context with the rest of the colloquy which took place at a hearing after the plaintiffs had filed their Petition for Writ of Mandamus, and which, apparently, were not objected to by plaintiffs. In fact, plaintiffs appreciated the effort the trial judge made to accommodate the plaintiffs in scheduling the expert's deposition.[2]
*537 This Page Contains Footnotes.
*538 The entire exchange between plaintiffs' attorneys and the trial judge far from illustrates a "hostile environment."
Petition for Writ of Prohibition denied.
SHEPHERD, J. (concurs).
RAMIREZ, J. (dissenting).
With all due respect to the learned trial judge and my colleagues, I dissent from the denial of this Petition for a Writ of Prohibition to review an order denying a Motion for Disqualification of the trial court judge.
Petitioners filed a Petition for Writ of Mandamus on October 10, 2007, in which they requested that this Court order the trial court judge to set the case for trial. Subsequently, at a hearing on a Motion to Reschedule a deposition in which petitioners' counsel responded that the date was unacceptable, the trial court judge made the statements quoted in footnote 2 of the majority opinion.
Based on the court's remarks, petitioners filed a Verified Motion to Disqualify Trial Judge, claiming that a "hostile environment" now existed in the trial court and that the trial judge was "not impartial in this case," as a result of petitioners filing their Petition for Writ of Mandamus. The trial judge denied the Verified Motion to Disqualify Trial Judge.
On December 21, 2007, petitioners filed their Petition for Writ of Prohibition in this Court. That same day, this Court ordered a Response from any party opposing the relief requested by the petitioners in the Petition for Writ of Prohibition. On December 27, 2007, the trial court judge in the case filed a pro se response to the Petition for Writ of Prohibition. The majority takes the view that in the response, the trial court "does not attempt to dispute the basis of the charges of disqualification, try to explain his action or pass on the truth as stated. . . . All the trial court judge attempts to do in the pro se response is explain the record and what had transpired in this action." See supra pp. 535-36. I respectfully disagree with this characterization.
This is what the trial court's response says:
COMES NOW the Respondent Honorable Michael A. Genden and pursuant to the Order of the Third District Court of Appeals [sic] responds to the Petition for Writ of Prohibition as follows:
1. This is a significant malpractice case which will take two to three months to try. This Court has been holding hearings at 9:15 on Fridays to move this case along. This Court has made itself available at 9:15 every Friday. The Court has done this based upon the serious medical injuries and extensive number of defendants in this case. The plaintiffs have been attempting to get this Court to set a trial date, even though everybody admits that substantial discovery is still ongoing (see transcript of last hearing).
2. All parties have been advised that under the "Back-Up System", as it exists in the Eleventh Judicial Circuit, this case is going to be tried by a back-up judge or a senior judge. This is the basis of the Mandamus Petition that is pending currently in the Third District Court of Appeals [sic].
3. Under the back-up system as it is presently formulated, the case cannot be set for trial until all parties *539 and the Court certify that all discovery has been completed and all motions have been completed and heard. Therefore, as a result of the present rules of the back-up system, the plaintiffs' request that the case be set for trial is meaningless, as the case must be set by the Judge who would be trying the case not the division Judge.
4. When the plaintiffs filed their motion for disqualification, there were special set hearings scheduled for the following week. Pursuant to the rules, plaintiffs certified, in said motion, that they were in fear of not receiving a fair trial in front of this Court, as the rules require. Because this case is going to be tried by a back-up judge, the only matters that this Court will be hearing will be special set hearings. The Court immediately canceled the special set hearings for the following week because of the statement in the motion to disqualify indicating a fear of unfair rulings.
5. In spite of the statement contained in the motion to disqualify, counsel for the plaintiffs wanted the Court to hear the motion already scheduled even after this Court denied the motion to disqualify, but before there was an appeal to the Third District Court of Appeals [sic].
6. It is counter intuitive for the plaintiff to ask the Court to disqualify itself and at the same time ask that the hearings go forward. Especially in light of the fact that this Court's only function is to hear all pending motions. Again, because the case is going to back up.
7. It is this Court's sincere belief that the plaintiffs are not unhappy with this Court's ruling but are seeking to challenge the back-up system. This belief is verified by a previous motion filed by the plaintiffs' Law Firm in which Mr. Sheldon Schlesinger attended a hearing asking this Court to declare the back-up system unconstitutional.
Clearly, the trial judge is expressing his "sincere belief" as to motivations for filing the motion to disqualify and that it constitutes an attack on the back-up system. In my view, the trial court has taken the role of an advocate for the back-up system which is evidently antagonistic to the petitioners' objective. Furthermore, on January 9, 2008, we granted the petitioners' writ of mandamus and directed the trial judge "forthwith to set this case for trial."
It is well-settled that in ruling on a motion for disqualification, the trial judge is only to consider the legal sufficiency of the motion and is not to dispute the factual allegations or deny the existence of any partiality. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1339 (Fla. 1990). If the judge passes on the truth of the facts alleged or adjudicates the question of disqualification, it requires granting of the motion, regardless of its legal sufficiency. Id. In Rollins v. Baker, 683 So.2d 1138 (Fla. 5th DCA 1996), the trial judge filed a pro se response, which addressed matters beyond the legal sufficiency of the disqualification motion. The Fifth District Court of Appeal wrote as follows:
We note further that Judge Baker filed a pro se response to this court's order to show cause and has gone beyond stating why the petition is legally insufficient. He comments on facts not alleged either in the petition or in the underlying motion to disqualify, he tries to explain his actions, and he attempts to correct or explain allegations in the petition. Further, he inappropriately passes on the truth of the facts asserted. *540 By doing so, Judge Baker has interjected himself into the litigation and has assumed the role of an adversary. This alone is a basis for disqualification.

Id. at 1140 (emphasis added) (citation omitted). This is exactly what the trial judge did in the matter before us. The trial judge's pro se response to this Court's order went beyond stating why the Petition for Writ of Prohibition was legally insufficient. It explained his conduct, the back-up system and the motives of the petitioners. The response was totally unnecessary as the Respondents bestowed upon us three lengthy and competent responses defending the trial judge. While I agree with the majority that the judge's remarks do not warrant recusal, I believe the judge's pro se response compels us to grant the Petition for Writ of Prohibition.
NOTES
[1] The Petition for Writ of Mandamus was granted on January 9, 2008.
[2] The pertinent context of the hearing is as follows:

THE COURT: When is it scheduled for?
MR. NEWMARK: No, no, it's not rescheduled.
MS. COOK: It is. I gave them a date in January.
MR. NEWMARK: She gave me a date in January of '08, three months down the line. It's unacceptable. I'm not setting it in January '08.
THE COURT: Three months down the line?
MR. NEWMARK: Right, from when it was set.
THE COURT: Okay. When  when is the January date?
* * * * * *
MR. NEWMARK: It's unacceptable.
MS. COOK: Unfortunately  you know, Mr. Newmark, I'm sorry, it's unacceptable to Mr. Schlesinger when he goes back to his office.
THE COURT: You know what? You know what? It doesn't matter whether it's unacceptable to him. He wants me to strike the witness; and, if I say no, he'll either go when the guy's available, or he'll choose not to do, and go to trial without taking his depo. I'm not going to be threatened. I don't care what the Third District does with this case. I would be shocked if they said try this case immediately.
I don't know what your responses were to the petition for mandamus. I've done everything I can to move this case along and I'm not trying it anyway. So, you know what? I don't care.
Now, here's my question: Is there any possibility that Dr. Kutcher 
MS. COOK: Kutcher.
THE COURT:  can be contacted, and find out if he can give his deposition earlier?
MS. COOK: I will certainly try, Judge. That was the first day that he and I 
THE COURT: Do you have his phone number?
MS. COOK:  were available. At this moment?
THE COURT: Yeah.
MS. COOK: I can call my office.
THE COURT: Let's get him on the phone. Let's see if he's around.
MR. APPLEBY: Thank you.
MS. COOK: Judge, there's one other issue that I really need to bring to your attention. I told 
THE COURT: You want to do it now, or after I talk to Dr. Kutcher?
MR. NEWMARK: After.
THE COURT: All right. Let's see if I can get in touch with Dr. Kutcher.
MR. NEWMARK: Thank you, Your Honor.
THE COURT: Sometimes when a judge gets on the phone, things happen a little more quickly. When was the deposition scheduled for?
MS. COOK: This week, yesterday 
MR. NEWMARK: It was yesterday.
MS. COOK:  or the day before.
MR. NEWMARK: Thursday.
THE COURT: Let me see if I can sprinkle some judicial dust on this issue, and see if we can come up with something.
How long is this depo going to last?
MR. APPLEBY: Well 
MR. NEWMARK: I'll turn to my colleague.
MR. APPLEBY:  again, Your Honor
THE COURT: Because you're talking about people's schedules.
MR. APPLEBY: Fine.
THE COURT: If somebody called me  Let me get this on the record, now that we have the court reporter here. If somebody called me and said, we need a special-set, I would say, how long do you need? I wouldn't just say, okay, I've got 15 minutes on Thursday. I would say, how long do you need? So, you're going to have to tell me, so I can tell this doctor's office, these people need x hours. So, give me your best shot.
* * * * * *3
MR. APPLEBY: I think between three and six hours is a fair estimate.
THE COURT: What's the number?
* * * * * *3
MS. COOK: Judge, he may very well have had  I don't know if he had a date sooner, and we were not available. He's probably going to tell you he has time.
THE COURT: Well, let's find out. I've got to take this other hearing in five minutes. I'm sorry, people.
MS. COOK: I really do have to tell you something.
THE COURT: Okay. That's fine.
MS. COOK: It's very important.
THE COURT: That's fine. I'm just saying, I don't have all morning.
MR. APPLEBY: And we do appreciate this.
THE COURT: What's the name, Kutcher?
MS. COOK: Kutcher. Martin Kutcher.
* * * * * *3
THE COURT: Let me try one more time. I would like 
UNIDENTIFIED SPEAKER: Dr. Kutcher's office.
THE COURT: Yes, this is Judge Michael Genden in Dade County Circuit Court in Miami, Florida. Are you his secretary?
UNIDENTIFIED SPEAKER: We answer his phones. How may I help you?
THE COURT: I need to speak to his office, because  to schedule a deposition of a case that's pending in front of me. It was supposed to go yesterday, and it had to be cancelled, and it's got to be rescheduled, and I need to speak to their office.
UNIDENTIFIED SPEAKER: All right. Your name again?
THE COURT: I am Judge Genden, G-E-N-D-E-N, in Miami.
UNIDENTIFIED SPEAKER: Hold on, please.
THE COURT: If we can't get through, then you'll call him by this afternoon with the same situation we had with Dr. Katz. Why don't you start telling me what your problem is. Hold on.
UNIDENTIFIED SPEAKER: Hello?
THE COURT: Yes.
UNIDENTIFIED SPEAKER: Can I offer you his cell, and then leave him a voice mail, and he'll call you back?
THE COURT: Yes, you can offer me his cell.
UNIDENTIFIED SPEAKER: Thank you.