PER CURIAM.
Petitioner seeks a writ of prohibition preventing the lower court judge from further presiding .over the proceedings in St. Johns County case number DR08-0388. Because the lower court judge improperly denied Petitioner’s motion to disqualify as untimely, and because the motion to disqualify was otherwise legally sufficient, we grant the petition.
The genesis of the disqualification issue arose pursuant to correspondence, dated November 1, 2011, that was sent by the lower court judge to counsel for Petitioner. Suffice it to say that the substance of the letter was such that a reasonably prudent person would be placed in fear of not receiving a fair and impartial trial See, e.g., Ennis v. Ennis, 855 So.2d 229 (Fla. 5th DCA 2003).
On Monday, November 14, 2011, Petitioner filed her verified motion to disqualify the lower court judge, citing to the *882 statements made by the judge in the November 1, 2011, letter. Although rule 2.330(e), Florida Rules of Judicial Administration, requires a motion to disqualify to “be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion ...,” in the instant case, the tenth day fell on Friday, November 11, 2011, which was Veteran’s Day. Accordingly, Petitioner was entitled to file her motion on the “next day which is neither a Saturday, Sunday, or legal holiday.” Fla. R. Civ. P. 1.090(a). See Holter v. Dohnansky, 917 So.2d 242, 243 (Fla. 5th DCA 2005) (“[Bjecause the last day of the period fell on a Sunday, the ten-day filing period actually ran to the end of the next day that was not a Saturday, Sunday or holiday.”). Petitioner’s November 14, 2011, motion to disqualify was, therefore, timely.
We conclude that under the circumstances presented in the instant case, Petitioner may have reasonably feared that she would not receive a fair and impartial trial. The lower court judge must, therefore, be disqualified from presiding further in this case.[1]
PETITION GRANTED.
ORFINGER, C.J., SAWAYA, AND EVANDER, JJ., concur.

. We decline Petitioner’s invitation to craft a blanket order disqualifying the lower court judge from presiding over any future cases involving Petitioner’s counsel.