EDWARDS, J.
Arnold D. Pilkington (“Petitioner”), individually and as former trustee of the Pilk-ington Revocable Trust, seeks review bf the trial court’s denial of Petitioner’s motion to disqualify the then-presiding judge, Judge C. McFerrin Smith, III. In denying Petitioner’s motion, Judge Smith ruled that the motion was untimely and legally insufficient; however, he also included a factual comment in the order that Petition:er argues could be construed as impermis-sibly passing upon the truth of facts alleged in the motion. In ruling on a motion to disqualify, the judge shall not make any effort to refute the charges of bias, prejudice, or partiality. But a judge is permitted to explain the status of the record, including factual statements of what took place, during the proceeding in question. Here, the trial judge made an inaccurate statement of fact which irnpliedly commented on the status of the record regarding Petitioner’s presence at a hearing. However, the judge made no comments attempting to refute Petitioner’s charges of partiality. We agree with the trial judge that the motion to disqualify was legally insufficient. We deny the petition.
Background
In March 2014; Respondents initiated the- underlying case. ■ The case was assigned to Judge Smith. On May 8, 2015, the trial court entered an order removing Petitioner as trustee of the' trust. .Petitioner appealed that order and the appeal is currently pending before this court (Case No. 15-2008). On July 10, 2015, the trial court held a hearing, during which the judge made certain comments that Petitioner argues show he was -the victim of bias and prejudice.
Motion to Disqualify and Order
On September 20, 2015, Petitioner filed a motion to disqualify Judge Smith alleging that the comments .made by Judge Smith at the July 10, 2015, hearing showed prejudice and bias toward Petitioner. In the motion, Petitioner asserted that: (i) the court denied him due process and failed to follow proper procedures throughout the case; (ii) the judge “automatically grants all of [Respondents’] motions against [Petitioner] withput proper consideration of the evidence or the record”; (iii) he was removed as trustee without an evidentiary hearing; (iv) many of the judge’s specific rulings were “highly questionable”; and (v) Judge Smith’s actions “are evidence of the Court’s outright bias *778 against” Petitioner. Petitioner claims to fear that he will not receive a fair trial.
On October 6, 2015, the trial court denied the motion to disqualify. The order read as follows:
1. The motion is legally insufficient, a motion to disqualify not being a valid substitute for or addition to an appeal.
2. The motion is untimely, the motion having been filed on September 20, 2015, regarding a May 8, 2015 ruling and portions of the ruling contained in a July 10, 2015 transcript, made in the presence of the movant and counsel.
3. The motion is moot.
On November 2, 2015, Petitioner filed the instant petition. Ordinarily, “[a] writ,of prohibition is the proper procedure for appellate review to test the validity of a motion to ■ disqualify.” Time Warner Entm’t Co, v. Baker, 647 So.2d 1070, 1071 (Fla. 5th DCA 1994) (citing Mangina v. Cornelius, 462 So.2d 602, 602 (Fla. 5th DCA 1985); Hayslip v. Douglas, 400 So.2d 553, 555 (Fla. 4th DCA 1981)). However, since Judge Smith has retired, he will no longer preside over this case; therefore, certiorari rather than prohibition is appropriate. Barber v. MacKenzie, 562 So.2d 755, 757 (Fla. 3d DCA 1990). -
Motions to disqualify are governed substantively by section 38.10, Florida Statutes (2014), and procedurally by Florida Rule of Judicial Administration 2.330. Pursuant to the rule, a judge against whom' an initial motion to disqualify has been directed shall determine only the legal sufficiency of the motion without passing on the truth of the facts alleged. Fla. R. Jud. Admin. 2.330(f). The legal sufficiency of the motion turns on whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla.1990) (citing Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)).
Petitioner correctly disputes Respondent’s claim that the petition is moot. Rule 2.330(h) provides that within twenty days of the order of disqualification, the parties are permitted to seek reconsideration by the successor judge of prior factual or legal rulings made by the disqualified judge. The rule also indicates that if prior decisions are being reconsidered, they may be vacated or amended. Thus, the potential for reconsideration if a successor judge were to be appointed means the motion and petition are not moot.
There is an issue of whether Petitioner’s September 20, 2015 motion was timely filed, since it was based it in part on the judge’s comments made during a July 10, 2015, hearing. Rule 2.330(e) provides that the motion “shall be filed within a reasonable time not to exceed ten days after discovery of the facts constituting the grounds for the motion.” Rule 2.330(j) provides that the judge must rule on the motion immediately; no later than thirty days following its service. Fla. R. Jud. Admin 2.330(j). Here, Petitioner claims he was not present during that July 10, 2015, hearing and that his lawyer never passed along the judge’s comments to him. He stated that he only learned of the statements when he read the hearing transcript, which Respondents. filed on September 9, 2015. Respondents argue that allowing months to. pass before the motion was filed should not be tolerated, and is at odds with the. swift timing contemplated by the rule. - Furthermore, Respondents argue that Petitioner should be charged with the knowledge of his counsel, who did attend the hearing; meaning that the ten day filing countdown would start immediately, ■ rather than weeks or months later when a litigant finally reads a hearing transcript. However, because we are dis *779 posing of the petition on other grounds, discussed below, we need not resolve these issues related to timeliness.
Petitioner asserts that the following comments made by Judge, Smith during the July 10, 2015, hearing are evidence of the court’s bias and prejudice against him: (i) “I’ll concede that the chronology doesn’t make it look real good for [Petitioner], because, you know, I mean, he goes through all this other litigation and when that doesn’t work, all of a sudden here comes the guardianship, but I can’t make that — -jump to that conclusion, because of the timing, that he was doing it in retribution”; (ii) “I agree with you, it doesn’t look good, but looks can be deceiving”; and (iii) “I understand, but I think I entered the order of removal, notwithstanding his attempt to play catch-up, he had violated the trust code and violated his fiduciary duty and he admitted it.”
Petitioner argued that Judge Smith’s first and second comments showed that he “is already inclined to favor” Respondents over Petitioner. Petitioner secondly argued that the third comment showed that the judge ruled against him, when the judge was aware of contradictory evidence, which he characterized as an attempt to “play catch-up.” The judge’s comments cited in the motion do not create an objectively reasonable basis to fear Judge Smith was biased. See Shuler v. Green Mountain Ventures, Inc., 791 So.2d 1213, 1215 (Fla. 5th DCA 2001) (holding that fear of judicial bias giving rise to disqualification motion must be objectively reasonable) (citations omitted). The two comments Petitioner lists as showing the judge’s prejudgment or bias contain clear qualifiers, i.e., “but looks can be deceiving” and “but I can’t make that — jump to that conclusion.” -While the comments include the judge’s mental' impressions, Judge Smith clarified that he would not make any decisions based upon first impressions. Comments from the bench — even unflattering remarks — which reflect observations or mental impressions are not legally sufficient to require disqualification. Oates v. State, 619 So.2d 23, 25-26 (Fla. 4th DCA 1993). Disqualification based upon comments by a judge is required only when -they indicate the-judge has prejudged the case or is biased. Wargo v. Wargg, 669 So.2d 1123, 1124-25 (Fla. 4th DCA 1996). We find that the comments made by Judge Smith do not warrant disqualification.
Petitioner’s allegation that the judge has made several highly questionable rulings is not a basis for disqualifica-tion. Adverse or-unfavorable legal rulings, without more, are not legally sufficient grounds for disqualification. Correll v. State, 698 So.2d-522, 524-25 (Fla.1997); Winburn v. Earl’s Well Drilling & Pump Serv, 939 So.2d 199, 200 (Fla.. 5th DCA 2006).
Therefore, Petitioner’s motion to disqualify was legally -insufficient and should have been denied; however, that does not end our inquiry.
In passing upon a motion for disqualification, the presiding judge must only state whether the motion is legally sufficient or not. See Fla. R. Jud. Admin. 2.330(f). If the trial court’s comments on the validity or truthfulness of the motion’s allegations of bias, prejudice, or partiality, the judge creates an independent ground for disqualification. Rollins v. Baker, 683 So.2d 1138, 1140 (Fla. 5th DCA 1996). While the judge cannot pass on the truth of the facts alleged to refute the charge of partiality, he may explain the status of the record. Shuler, 791 So.2d at 1215. Petitioner argues that paragraph 2 of the order impermissibly challenges the-truth of a relevant fact alleged in the motion,' i.e., whether he was or-was not present for the *780 July 10, 2015, hearing. The court’s order states that Petitioner’s motion was untimely since he and his counsel were present at the July 10, -2015, hearing; That statement that Petitioner was present at the hearing is contrary to facts alleged in Petitioner’s motion. The transcript from the hearing does not indicate that Petitioner was present; thus, it would appear that the judge-may have been fáctually mistaken. It is only where the judge attempts to refute the charges of partiality, prejudice, or bias, that he exceeds the proper scope of inquiry. Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978). -The judge may comment factually, on what- transpired during relevant proceedings when ruling upon a motion to disqualify. In Rolle ex reí. Dabrio v. Birken, 984 So.2d 534 (Fla. 3d DCA 2008), the trial judge filed a response in the court of appeal to the petition for writ of prohibition:
The trial judge’s pro se response filed in this Court is not grounds for disqúalifí-feátion. The trial judge does not attempt to dispute the basis of the charges of disqualification, try to explain his actions or pass on the truth as stated, any of which could be grounds for disqualification. All the trial court judge attempts . to-do in the pro se response is explain the record and what had transpired in this action.
984 So.2d at 535-36 (citations omitted); see also Kowalski v. Boyles, 557 So.2d 885, 887 (Fla. 5th DCA 1990) (holding that the judge’s factual recital of what took place at the questioned hearing was a permissible comment on the record as the judge was not attempting to refute charges of partiality). Here, the judge made no attempt to refute the charges of bias, prejudice or partiality; therefore, he did not exceed the proper scope of his inquiry.
We deny the petition as the trial judge properly, denied Petitioner’s motion to disqualify the presiding judge..
PETITION DENIED.
LAWSON,'C.J. and PALMER, J.,' concur.