# Third District Court of Appeal

## State of Florida

Opinion filed June 15, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-611
Lower Tribunal No. 13-24033
_____

## Michael Chmilarski, et al.,
Petitioners,

vs.

## Empire Fire and Marine Insurance Company,
Respondent.

A Case of Original Jurisdiction – Prohibition.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for petitioners.

Cooney Trybus Kwavnick Peets, and Warren Kwavnick (Fort Lauderdale), for respondent.


Before LOGUE, MILLER, and LOBREE, JJ.

LOGUE, J.

Michael Chmilarski and LIAS, Inc. petition for a writ of prohibition seeking review of a trial court's order denying a motion for disqualification.

They contend the trial court pre-judged their entitlement to attorney's fees. For the reasons stated below, we grant the writ.

In 2013, Chmilarski and LIAS, Inc. initially sued Empire Fire and Marine Insurance Company for failing to pay a claim under an insurance policy. Over its long life, the lawsuit underwent multiple permutations including five amended complaints. After almost nine years of litigation, the plaintiffs' amended complaint sought rescission of the policy and the defendant's counterclaim also sought rescission of the policy. The parties filed cross-motions for summary judgment seeking rescission and allowing a refund of the premiums, albeit for assertedly different reasons and dating back to different times.

At the hearing, the trial judge, who had inherited the case as part of a court initiative to resolve longstanding open insurance cases, noted that she anticipated receiving motions for attorney's fees after she ruled on the motions. Chmilarski and LIAS, Inc. indicated that they had indeed pled a request for attorney's fees and intended to file a motion after the court had ruled on the merits. At that point in time, however, no motion for attorney's fees had been filed by either party.

The trial court issued an order ruling on the cross-motions for rescission that contains language about any future claim for attorney's fees

2

that is at the heart of the motion to disqualify. We have emphasized the language at issue:

> 4. The Court finds this case has shifted over the course of the years it has been pending and even during the recent history in which this case has been assigned to this Judge.
>
> 5. The Court finds the original claim amount was approximately $110,000.00 and that the sublimit was $50,000.00 and, once the issues were narrowed to a rescission and premium refund, the issues were between approximately $5,000.00 and approximately $28,000.00.
>
> 6. The Court recognizes the parties' stipulation for rescission. The amount of the premium refund is dependent on the date of recession. The insurance company requested rescission as of the 2009 policy year. The Court dates the rescission to the 2009 policy year, granting the Counterclaim. The Court finds that there is no evidence that the Plaintiff did not enjoy the benefit of coverage in the years preceding, and there is no basis to grant rescission to the inception of the insurance relationship which was renewed annually.
>
> 7. The Court grants the Plaintiff's Complaint in terms of refunds of premium and orders a refund of premium in the amount of $9,308.00.
>
> 8. <u>The Court finds for purposes of any subsequent attorney's fees claim that neither party has significantly prevailed on the issues raised in the course of this case and the Court further notes that, should either party move for attorney's fees, the Court reserves its right, sua sponte, for the first time in 29½ years on the bench, to show cause why Fla. Stat. §57.105 should not be applied to either party for the nature and character of the litigation over the past five years.</u>

Upon receiving the order, the Chmilarski and LIAS, Inc. filed a verified motion to disqualify. They contended the trial court had crossed the line from

3

simply forming mental impressions to actually pre-judging the issue of their entitlement to attorney's fees before a motion had been filed and argued. The trial court denied the motion as legally insufficient, and Chmilarski and LIAS, Inc. filed a petition for prohibition.

The test for determining the legal sufficiency of a motion for disqualification is "whether the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial." Law Offices of Herssein & Herssein, P.A. v. United Servs. Auto. Ass'n, 229 So. 3d 408, 409 (Fla. 3d DCA 2017), approved, 271 So. 3d 889 (Fla. 2018). The analysis focuses on "the reasonable effect on the party seeking disqualification, not the subjective intent of the judge." Molina v. Perez, 187 So. 3d 909, 909 (Fla. 3d DCA 2016). "Disqualification based upon comments by a judge is required only when they indicate the judge has prejudged the case or is biased." Pilkington v. Pilkington, 182 So. 3d 776, 779 (Fla. 5th DCA 2015).

Chmilarski and LIAS, Inc. argue that the last paragraph quoted above indicates that the trial court had prejudged the issue of whether they were the prevailing party entitled to attorney's fees. Frankly, we do not see how the language could be interpreted in any other way. Knowing Chmilarski and LIAS, Inc. planned to file for attorney's fees but had not yet presented

4

argument and authorities in support or even made the motion, the trial court found that "for purposes of any subsequent attorney's fees claim that neither party has significantly prevailed on the issues raised in the course of this case." The court accompanied this conclusion with a blunt warning of potential sanctions against any party who moved for attorney's fees. Undoubtedly, a reasonable, prudent person reading this order could only conclude that the trial court had prejudged the question of the petitioners' entitlement to attorney's fees – even though the matter was not yet pending before the court.

In so ruling, we acknowledge that "[c]omments from the bench—even unflattering remarks—which reflect observations or mental impressions are not legally sufficient to require disqualification." Id. But the trial judge's statements here are problematical for two related reasons. They concerned an issue that was not yet before the court for decision, cf. Schmelzer v. Frankel, 330 So. 3d 592, 593 (Fla. 3d DCA 2021) (holding remarks confined to the issue pending before the court for decision did not warrant recusal), and they contained none of the qualifications, caveats, or reservations of the sort that would cause a reasonably prudent person to conclude the trial court's mind was still open and the court was merely sharing preliminary mental impressions which are a natural part of the decision making process.

5

<u>Shir L. Grp., P.A. v. Carnevale</u>, 314 So. 3d 523, 524-25 (Fla. 3d DCA 2020) (finding the trial court had not prejudged an issue when it coupled its observations with the statement "I am going to continue listening to the rest of this afternoon's questions and I will be able to make a determination on this issue once I hear all of the information.").

We therefore grant the petition but are confident the seasoned trial judge will comply with this order without the necessity of formally issuing the writ. <u>Masten v. State</u>, 159 So. 3d 996, 998 (Fla. 3d DCA 2015).

Petition granted.