# Third District Court of Appeal
## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2252
Lower Tribunal No. 23-15489 D002
_____

**B.D., the Mother,**
Petitioner,

vs.

**Department of Children and Families, et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for petitioner.

Karla F. Perkins, for respondent, Department of Children and Families; and Sara Elizabeth Goldfarb and Sarah Todd Weitz (Tallahassee), for respondent, Guardian ad Litem.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

GOODEN, J.

The Petitioner B.D. filed a petition for writ of prohibition seeking review of an order denying her motion to disqualify the trial judge for ex parte communications. Because we find that the motion was legally sufficient, we grant the petition for writ of prohibition.

**I.**

B.D. is the respondent in a dependency case brought by the Department of Children and Family Services. At a hearing, B.D.'s minor child asked to address the trial court regarding a personal matter. The trial court thought it would be best if it spoke with the minor child in private. See Fla. R. Juv. P. 8.255(c). B.D. agreed to the one-on-one conversation, but requested that any in camera discussion be transcribed. No one objected to the request.

The meeting occurred several weeks later. Present at this meeting were the trial judge, the minor child, the Guardian Ad Litem supervisor, and the Children's Home Society case manager. The minor child discussed her relationship with her mother and disclosed a history of abuse. What happened after this disclosure is at issue in this case.

The trial judge, Guardian Ad Litem supervisor, and the case manager proceeded to substantively discuss the merits of the case at length—in front of the minor child and outside of the presence of B.D. and her counsel. They

2

discussed B.D.'s mental health, the status of the reunification plan, B.D.'s compliance with the plan, and whether changes should be made. The Guardian Ad Litem supervisor and case manager made recommendations to the court.

When B.D. received the transcript of the meeting, she immediately moved to disqualify the trial court for improper ex parte communications. She submitted an affidavit setting forth that she had a well-founded fear of not receiving a fair and impartial trial because of these communications. The trial court denied the motion as legally insufficient.

B.D. filed the instant petition for writ of prohibition seeking review of that order. She argues that the discussion of the substance of her case between these individuals—in front of her minor child and without her or her counsel being present—were improper ex parte communications warranting disqualification. The Department counters that B.D. agreed to an ex parte hearing and the trial court did not make any rulings at this hearing, so no prejudice resulted. It further claims that, instead of filing a petition for writ of prohibition, B.D. should lodge objections below to the statements made at the hearing so the trial court can rule on their admissibility. The Guardian Ad Litem focuses on dependency courts needing latitude to create a safe

atmosphere for children.  It explains that the discussion, while not ideal, was intended to create this atmosphere and assess the well-being of the child.

## II.

"A petition for a writ of prohibition is the proper vehicle to challenge a trial court's order denying a motion to disqualify." NexusVC v. Hieg Partners, LLC, 347 So. 3d 440, 445 (Fla. 3d DCA 2022).  Disqualification is controlled substantively by section 38.10, Florida Statutes, and procedurally by Florida Rule of General Practice and Judicial Administration 2.330.  § 38.10, Fla. Stat. (2024); Fla. R. Gen. Prac. & Jud. Admin. 2.330.

In ruling on a motion to disqualify, a trial court is limited to evaluating whether the motion is legally sufficient. Fla. R. Gen. Prac. & Jud. Admin. 2.330(h).  It may not pass on the truth of the facts set forth in the motion. Id. The motion is legally sufficient where a "party reasonably fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge."  Id. at (e)(1).  "A mere subjective fear of bias will not be legally sufficient; rather, the fear must be objectively reasonable." Arbelaez v. State, 898 So. 2d 25, 41 (Fla. 2005) (cleaned up).  See also Rodriguez v. State, 919 So. 2d 1252, 1274 (Fla. 2005) ("Whether the motion is legally sufficient requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not

4

receiving a fair and impartial trial.").  Indeed, "the question of disqualification focuses not on what the judge intended, but rather how the message is received and the basis of the feeling."  Great Am. Ins. Co. of New York v. 2000 Island Blvd. Condo. Ass'n, Inc., 153 So. 3d 384, 390 (Fla. 3d DCA 2014).

**A.**

The Code of Judicial Conduct prohibits ex parte communication between the trial court and the parties, except in very limited circumstances. Fla. Code Jud. Conduct, Canon 3(B)(7).  "This canon implements a fundamental requirement for all judicial proceedings under our form of government . . . .This canon was written with the clear intent of excluding all ex parte communications except when they are expressly authorized by statutes or rules."  In re Inquiry Concerning a Judge: Clayton, 504 So. 2d 394, 395 (Fla. 1987).

In reviewing the sufficiency of the motion, "[w]e are not . . . concerned with whether an ex parte communication *actually* prejudices one party at the expense of the other.  The most insidious result of ex parte communications is their effect on the appearance of the impartiality of the tribunal."  Rose v. State, 601 So. 2d 1181, 1183 (Fla. 1992).  See also Pearson v. Pearson, 870 So. 2d 248, 249 (Fla. 2d DCA 2004) ("It is because of its effect on the

appearance of impartiality that an allegation of an ex parte communication is legally sufficient to require recusal.").

> Nothing is more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant. Even the most vigilant and conscientious of judges may be subtly influenced by such contacts. No matter how pure the intent of the party who engages in such contacts, without the benefit of a reply, a judge is placed in the position of possibly receiving inaccurate information or being unduly swayed by unrebutted remarks about the other side's case. The other party should not have to bear the risk of factual oversights or inadvertent negative impressions that might easily be corrected by the chance to present counter arguments.

Rose, 601 So. 2d at 1183.

What started as a permissible ex parte examination of the minor child under Rule 8.255(c) morphed into impermissible ex parte communications. See Fla. Code Jud. Conduct, Canon 3(B)(7)(e); Fla. R. Juv. P. 8.255(c). The trial court, Guardian Ad Litem supervisor, and case manager substantively discussed the merits of the case outside of the presence of B.D. and her counsel. They discussed B.D.'s mental health, the status of the reunification plan, B.D.'s compliance, and whether changes should be made to the plan.

These communications are well-beyond what Rule 8.255(c) allows and the one-on-one conversation between the trial court and the minor child that B.D. consented to. They created the appearance of partiality. Rose, 601 So. 2d at 1183. B.D. and her counsel had a right to be present when the trial

6

court discussed substantive issues of her case. B.D. adequately demonstrated that a reasonably prudent person would fear that he or she would not receive a fair trial under the circumstances. Thus, the motion was legally sufficient and should have been granted. See Isan v. Isan, 209 So. 3d 40, 42 (Fla. 5th DCA 2016); Klapper-Barrett v. Nurell, 742 So. 2d 851, 853 (Fla. 5th DCA 1999); Brake v. Murphy, 693 So. 2d 663, 666 (Fla. 3d DCA 1997).

While special circumstances exist in dependency actions for private discussions with minor children, there are constitutional safeguards that must be maintained to protect due process rights and prevent inappropriate ex parte communications. The communication should have immediately ceased once the conversation directly with the minor child concluded. B.D. and her counsel had a right to notice and an opportunity to be heard in any discussion concerning the substance of her case. Art. I, § 9, Fla. Const.; Verizon Bus. Network Services, Inc. ex rel. MCI Communications, Inc. v. Dep't of Corr., 988 So. 2d 1148, 1151 (Fla. 1st DCA 2008) ("[T]he right of every litigant to appear before an impartial tribunal is a fundamental tenet of the constitutional guarantee of due process."). B.D. had a right to be present herself or through her counsel.

Petition granted; Writ issued.