557 So.2d 885 (1990)
Ronald Edmond KOWALSKI, Sr., et Ux., et al., Petitioners,
v.
Stephen L. BOYLES, etc., et al., Respondents.
No. 89-993.
District Court of Appeal of Florida, Fifth District.
February 8, 1990.
Rehearing Denied March 15, 1990.
*886 B.R. Derfel of Kowalski & Derfel, P.A., Daytona Beach, for petitioners.
J. Peyton Quarles, Daytona Beach, for respondents.
HARRIS, Judge.
Ronald Edmund Kowalski, Sr., Blumie Rose Derfel Kowalski, his wife, and Kristin Blumie Kowalski, his daughter (Kowalski) appeal a non-final order denying an application for disqualification of judge. Since this is not an appealable order under Rule 9.130, Florida Rules of Appellate Procedure, we treat the "appeal" as a petition for writ of prohibition. See Cardinal v. Wendy's of South Florida, 529 So.2d 335 (Fla. 4th DCA 1988), rev. denied 541 So.2d 1172 (1989). We deny the petition.
In September 1987 Kowalski sued the Office of the State Attorney for the Seventh Judicial Circuit and Bud Eaton, an investigator with that office, alleging that in October 1985 Eaton and two United States Marshals arrested Ronald Kowalski in the lobby of the Volusia County Courthouse in Deland. Kowalski was transported to Daytona Beach where he was booked and then taken to Jacksonville.[1] According to Kowalski, his arrest was the direct and proximate result of Eaton's negligent investigation of a counterfeiting ring.
Eaton filed a motion to dismiss himself as a party on the ground that he was acting within the scope of his employment and was not personally liable in tort. At the hearing on the motion, the trial court sua sponte raised the question of whether it was proper to sue the Office of the State Attorney and dismissed the complaint stating:
[T]he Court having taken notice that the plaintiffs have sued "the Office of the State Attorney, Seventh Judicial Circuit," the Court in the interest of judicial time and economy, on its own initiative, dismisses the complaint for the improper naming of the Office of the State Attorney, Seventh Judicial Circuit, as a defendant in this cause. The complaint is dismissed without prejudice and plaintiff is given leave to file an amended complaint on or before July 1, 1988.
Kowalski amended the complaint and named Stephen Boyles, State Attorney for the Seventh Judicial Circuit, as a party.
On January 9, 1989 appellants filed an application for disqualification of judge together with affidavits from Ronald Kowalski and Blumie Defer-Kowalski. Kowalski stated that he feared he would not receive a fair trial because (1) Eaton was employed by the Office of the State Attorney and the judge exhibits a prejudice in favor of the State and (2) the judge does not understand the issues in the case. His wife gave three additional reasons: (1) the judge indicated he did not believe the case was meritorious, (2) the judge had predetermined the merits, and (3) the judge was uninterested in the proceedings.
Where a timely application is made, the court must determine if the motion is made by a party, if it is verified, if it contains a good faith certificate of counsel, and if it alleges facts reasonably sufficient to create a well founded fear that the moving party would not receive a fair trial. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986). This application was signed by counsel of record (who is also a party) and refers to two affidavits which allege the "facts" relied upon. These are not objective facts; they are the subjective fears of the affiants and as such are not reasonably sufficient to *887 create a well-founded fear. Fischer v. Knuck, supra.
At the hearing on the application for disqualification of judge, the court stated:
Mr. Eaton wasn't dismissed. I think on my own motion, when the suit was filed, it said a suit against the office of the state attorney, and there was no such entity. You can not sue an office, you have to sue an individual, who holds whatever office they had.
Kowalski argues that this exchange went beyond the sufficiency of the affidavits and, by itself, requires the disqualification of the judge. We disagree. At the hearing on the original motion to dismiss there was some discussion about dismissing Eaton as a party because there was no allegation of malice. Instead the complaint was dismissed with leave to amend. The judge was not attempting to refute the charges of partiality; he was merely stating the status of the record.
The petition for a writ of prohibition is DENIED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] The arrest was the result of a federal grand jury indictment under which Kowalski was tried and acquitted.