W. SHARP, Judge.
Puckett appeals from an order entered by the trial judge refusing to disqualify himself from presiding over Puckett’s post-conviction relief motion. This is not an *327 appealable order. Kowalski v. Boyles, 557 So.2d 885 (Fla. 5th DCA 1990). We elect to treat this cause as a petition for writ of prohibition,[1] and deny it on the merits.
Litigants have a right to seek the disqualification of a presiding judge when they have objective grounds to believe they will not receive a fair consideration at a trial or other judicial proceeding.[2] In this case, the facts set forth in the motion and attached affidavits assert (in sum) that the judge erroneously accepted Puckett’s plea of no contest to a manslaughter charge, and that therefore he should be disqualified from presiding over Puckett’s efforts to set aside the plea because he is and will be a material party or witness. These grounds are legally insufficient to warrant disqualification.[3]
Petition for Writ of Prohibition DENIED.
DAUKSCH and HARRIS, JJ„ concur.

. Fla.R.App.P. 9.040(c); Kowalski v. Boyles, 557 So.2d 885, 886 (Fla. 5th DCA 1990).

. § 38.10, Fla.Stat. (1989); Fla.R.Civ.P. 1.432(d).

. See, e.g., Hope v. State, 449 So.2d 1315 (Fla. 2d DCA 1984) (claim that the trial judge who had previously adjudicated defendant guilty of civil contempt would be prejudiced and would be a necessary witness in the defendant’s criminal contempt proceeding arising from the same acts insufficient to warrant disqualification); Wilisch v. Wilisch, 335 So.2d 861 (Fla. 3d DCA 1976) (a trial judge does not become a material witness in a cause merely because he had knowledge of what occurred before him in a prior proceeding); Petition of Geisser, 554 F.2d 698 (5th Cir.1977) (trial judge was not required to disqualify himself in ruling on defendant’s habeas corpus petition on the basis that he was a material witness to the disputed facts of the defendant’s plea bargain).