643 So.2d 1163 (1994)
STATE of Florida, Petitioner,
v.
Wendy SHAW, Respondent.
No. 94-0143.
District Court of Appeal of Florida, Fourth District.
October 12, 1994.
*1164 Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Mark Orr, Fort Pierce, for respondent.
PARIENTE, Judge.
The state seeks review, by petition for writ of certiorari, of a circuit court's issuance of a writ of prohibition barring a county court judge from presiding further in respondent's criminal prosecution. The county court denied respondent's motion to recuse. By issuing a writ of prohibition, the circuit court effectively overturned the county court order, and ordered recusal based on the erroneous belief that the mere filing of an affidavit alleging bias or prejudice by the judge automatically requires disqualification of the judge.
Our jurisdiction to review orders from circuit courts granting prohibition, rendered in their appellate capacity, is limited to certiorari. State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993). Because we find that the circuit court's ruling violates a clearly established principle of law resulting in a miscarriage of justice, we exercise jurisdiction and grant certiorari. See Combs v. State, 436 So.2d 93 (Fla. 1983); Frazee.
The circuit court's issuance of the writ of prohibition merely recited the statutory language of section 38.10, Florida Statutes (1993). In this case, the circuit judge interpreted section 38.10, Florida Statutes (1993) as requiring automatic disqualification simply upon the filing of an affidavit of bias. We take judicial notice of an order of recusal entered by the same trial judge in State v. Tyson, 644 So.2d 186 (Fla. 4th DCA 1994), presently on review before this court, in which he stated his "belief that any Judge should recuse himself from a case when asked to do so by an attorney."
The circuit court's interpretation of section 38.10, that disqualification is automatically required upon the filing of an affidavit of a judge's bias or prejudice, is directly contrary to the law of the state. The standard for reviewing the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, would cause the movant to have a wellgrounded fear that he or she will not receive a fair trial at the hands of the judge. Livingston v. State, 441 So.2d 1083 (Fla. 1983); Rule 2.160(d)(1), Fla.R.Jud.Admin. The fears of judicial bias must be objectively reasonable.
Boiled down to the essentials, the motion to disqualify was filed because respondent did not want the particular county court judge presiding over her trial for violation of *1165 probation involving solicitation of prostitution. She feared bias because the same county court judge previously sentenced her to the maximum sentence for another prostitution charge. Apparently, respondent had been before the same judge in the past on numerous prostitution and drug-related offenses.
While we understand the basis for respondent's concerns, the motion to disqualify filed before the county court judge was legally insufficient. The circuit court judge's ruling effectively quashing the county court's decision and granting prohibition runs counter to established decisions of the appellate courts in this state. See Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990); Hope v. State, 449 So.2d 1315 (Fla.2d DCA 1984); Claughton v. Claughton, 452 So.2d 1073 (Fla.3d DCA 1984).
We are mindful that our role in reviewing orders of the circuit court acting in its appellate capacity is limited; common law certiorari should not be used as a vehicle to obtain a second appeal. Combs. Therefore, the fact that this court would rule differently does not justify in itself the exercise of certiorari jurisdiction. The principles enunciated by the supreme court call for a very selective, discretionary exercise of jurisdiction by the district courts of appeal:
[T]he phrase "departure from the essential requirements of law" should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure. In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
... The district courts should use this discretion cautiously so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal.
Combs, 436 So.2d at 95-96.
The question thus is whether we should exercise our discretion to review the circuit court judge's clearly erroneous practice of allowing automatic disqualification simply upon the filing of an affidavit alleging bias. This in turn hinges on whether the circuit court judge's actions, although violating a clearly established principle of law, also resulted in a "miscarriage of justice" as that term is used in Combs. We interpret Combs as allowing for review by certiorari of a circuit court's order rendered in its review capacity "to compel adherence to a principle of law heretofore established by this court." Combs, 436 So.2d at 95, quoting Matthews v. Metropolitan Life Insur. Co., 89 So.2d 641, 642 (Fla. 1956):
[T]he duty of a trial judge to apply to admitted facts a correct principle of law is such a fundamental and essential element of the judicial process that a litigant cannot be said to have had the "remedy, by due course of law," guaranteed by Section 4 of the Declaration of Rights of our Constitution, F.S.A. if the trial judge fails or refuses to perform that duty... . And, indeed, it is unthinkable that this court, in the exercise of its supervisory jurisdiction over other courts, could not compel adherence to a principle of law heretofore established by this court in the unlikely event that a trial judge should deliberately and consciously refuse to follow our decision, even though the trial judge's arbitrarily erroneous action in this respect had been approved and affirmed by a circuit court on appeal.
The state concedes that it could still secure respondent's conviction before another county court judge, but insists on the importance of the overriding legal principle that motions to disqualify shall not be used by disgruntled litigants as mere licenses to judge-shop. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990). The state argues that this court's refusal to hear this *1166 petition will effectively sanction the systemically damaging practice of judge-shopping.
We conclude that the circuit court judge has misinterpreted section 38.10 and has substituted his own personal opinion of what the law of judicial disqualification should be.[1] Applying Combs to the facts of this case, we find that the circuit court judge's order allowing automatic disqualification upon the filing of any affidavit alleging judicial bias or prejudice results in a violation of clearly established law and a miscarriage of justice because it offends procedures integral to the fair administration of justice. The state, an individual defendant, or any party in a civil case should have the right to have its case heard before the presiding judge assigned and to expect that the opposing party will not succeed in having that judge removed upon the filing of a legally insufficient affidavit alleging bias or prejudice.
Accordingly, we grant the petition for writ of certiorari, quash the circuit court's issuance of the writ of prohibition and remand to the county court for further proceedings.
STONE and KLEIN, JJ., concur.
NOTES
[1] Although not dispositive, we note that the review by prohibition in the circuit court was entertained by a single judge. This is in keeping with the local practice in the Nineteenth Judicial Circuit as set forth in the local rules. The local administrative order specifies that writs of mandamus, prohibition, quo warranto, habeas corpus and all other writs, except certiorari, are "assigned a regular civil case number," assigned to a circuit court judge and "handled in all other respects as [a] regular civil case by the assigned judge." All other appeals from county court orders are assigned an appellate case number and are assigned to a panel of four circuit judges. Administrative Order No. 91-2. The state, however, makes no challenge to this practice of a single circuit judge undertaking prohibition as either a denial of due process or other violation of the state constitution. See also Frazee, 617 So.2d at 352, n. 1.