791 So.2d 1213 (2001)
William E. SHULER, Petitioner,
v.
GREEN MOUNTAIN VENTURES, INC., etc., et al., Respondent.
No. 5D01-2072.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
*1214 William E. Shuler, Silver Springs, Pro Se.
No appearance for Respondent.
ORFINGER, R.B., J.
William E. Shuler petitions this court seeking a writ of prohibition. He challenges the trial court's denial of his motion for disqualification of the trial judge. Shuler contends that the trial judge erred by (1) denying his legally sufficient motion for disqualification; (2) taking issue with the allegations made in the motion in the court's order denying the motion; and (3) not ruling on his motion for disqualification *1215 for a period of fifty-one days. We deny the petition.
Shuler filed a timely motion seeking to disqualify Judge Jack Singbush pursuant to Florida Rule of Judicial Administration 2.160. Reduced to its essentials, the motion to disqualify alleged that the attorney for Green Mountain Ventures, Inc., the plaintiff below, had written a letter to Judge Singbush, advising the court that Shuler had not responded to the court's order to show cause why Green Mountain's motion to dismiss Shuler's counterclaim with prejudice should not be granted and suggesting that the court dismiss Shuler's counterclaim. A copy of the letter was mailed to Shuler the same day it was delivered to the judge. In his motion to disqualify Judge Singbush, Shuler contended that the letter was a prohibited ex parte communication with the judge. He further alleged that upon receiving a copy of the letter, his "heart skipped another beat and [he] ... sank into a fearful depression."
Shuler first argues that his motion to disqualify Judge Singbush was legally sufficient and should have been granted. A motion to disqualify is legally sufficient if the facts alleged, assumed to be true, would cause a reasonable person to have a well-founded fear that he or she will not receive a fair trial from the assigned judge. State v. Shaw, 643 So.2d 1163, 1164 (Fla. 4th DCA 1994). The fear of judicial bias must be objectively reasonable. Id. The subjective fear of a party seeking the disqualification of a judge is not sufficient. Kowalski v. Boyles, 557 So.2d 885 (Fla. 5th DCA 1990). Rather, the facts and reasons given for the disqualification of a judge must tend to show personal bias or prejudice. Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995). Viewed in this light, the allegations made in Shuler's motion for disqualification of the trial judge are wholly insufficient.
Shuler next argues that even if his motion was legally insufficient, the trial judge, in denying the motion, impermissibly attempted to refute the charges of partiality. We disagree. In ruling on the legal sufficiency of a motion to disqualify, the judge cannot pass on the facts of the truth alleged. Hayes v. State, 686 So.2d 694 (Fla. 4th DCA 1996). The judge may, however, explain the status of the record. Kowalski, 557 So.2d at 887. That is all that occurred here.
Finally, Shuler argues that the trial judge impermissibly delayed ruling on the motion for disqualification in contravention to Florida Rule of Judicial Administration 2.160(f) that requires a trial judge to rule on a motion for disqualification "immediately." In Anderson v. Glass, 727 So.2d 1147, 1147 (Fla. 5th DCA 1999), we granted prohibition because the trial judge had delayed ruling on a motion for disqualification for more than thirty days. We concluded that the rule "recognizes that prompt rulings promote public confidence in the impartiality of the trial judge while delayed rulings not only slow the litigation process but call into question the trial judge's motives." Id. Anderson is distinguishable from the facts now before us. In Anderson, the trial judge took the matter under advisement for more than thirty days before entering an order denying the motion, whereas, in the instant case, the record does not indicate when the trial judge became aware of the existence of the motion. Florida Rule of Judicial Administration 2.160(e) requires that "[a] motion to disqualify ... shall be promptly presented to the court for an immediate ruling." The certificate of service on the motion shows that it was mailed only to opposing counsel. The record does not indicate when the trial judge was presented with *1216 the motion, as was Shuler's responsibility.[1] It is the duty of the party seeking review of a trial court order to provide the appellate court with a record sufficient to review the matter presented. Latin Am. Benefit Ctr., Inc. v. Johstoneaux, 257 So.2d 86 (Fla. 3d DCA 1972). We cannot say from the record before us whether the judge was promptly presented with the disqualification motion or not. As such, we cannot determine if the delay in ruling on the motion was attributable to Shuler's failure to promptly present the motion to the judge or was due to the judge not ruling on the motion promptly.[2]
PETITION FOR WRIT OF PROHIBITION DENIED.
PALMER, J., concurs.
SHARP, W., J., dissents with opinion.
SHARP, W., J., dissenting.
In my view we should either order a response in this cause to the Petition for Writ of Prohibition or it should be granted, based on this court's binding precedent in Anderson v. Glass, 727 So.2d 1147 (Fla. 5th DCA 1999). Even if a denial is appropriate, this three judge panel does not have the authority to cast doubt on Anderson. An en banc is the only proper way to overturn Anderson.
The majority seeks to distinguish Anderson on the ground that the record fails to show that the judge in this case was aware of the existence of the motion to disqualify and that in Anderson, the judge had taken the motion to disqualify under advisement for more than thirty days. It is true that there is no showing that the judge was aware the motion to disqualify had been filed for any length of time. However, I disagree that Anderson requires a person seeking removal of a judge for cause must take additional steps in order to document and start the running of the requirement that the judge should rule immediately, pursuant to Florida Rule of Judicial Administration 2.160(f). That rule puts the burden of ruling on the judge, not the parties, because the motion is directed at the judge.[1]
I submit the record in this case gives no valid basis for the assumption that the judge was unaware of the motion and thus did not have to rule immediately. In the petition filed in this case, the petitioner alleges he filed his motion to disqualify and affidavit on May 4, 2001. The copy included in the record indicates the motion was filed on that date. Without more (no motions to consider the motion or attempt to set a hearing on the motion), on June 24, 2001, 51 days after the motion to disqualify was filed, the judge denied the motion. *1217 In his order, the judge carefully reviewed the record and the file. If the judge was not aware of the motion to disqualify, why then did he rule on it? Perhaps he had just discovered the document shortly prior to ruling, but that is something appropriate for disclosure in a response.
NOTES
[1] We do not, as the dissent suggests, believe a hearing is necessary on a motion seeking the disqualification of a judge. To the contrary, because a judge cannot take issue with the allegations in a motion to disqualify, a hearing is, in most cases, both unnecessary and unwise. The rule requires that the "motion to disqualify ... be promptly presented to the court for an immediate ruling." This places an affirmative obligation on the movant to bring the matter to the court's attention, not just have the document placed in the court file.
[2] In Tarrant v. Jacoboni, 780 So.2d 344 (Fla. 3d DCA 2001), the Third District rejected the firm thirty day "rule or be disqualified" standard adopted by this court in Anderson. Because we conclude that the record before us does not suggest when the trial judge was made aware of Shuler's motion, we need not address whether Anderson should be revisited in light of the reasoning in Tarrant.
[1] Perhaps Florida Rule of Judicial Administration 2.160(f) should be amended to require the Clerk to immediately bring a motion for disqualification to the judge's attention or to require the party seeking disqualification to take additional steps to bring the matter to the judge's attention.