832 So.2d 887 (2002)
Jorge E. NIEBLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-48.
District Court of Appeal of Florida, Third District.
December 18, 2002.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before JORGENSON, GODERICH, and GREEN, JJ.
PER CURIAM.
Defendant appeals his convictions and sentence for three counts of kidnaping with a weapon, two counts of armed robbery, one count of carjacking, one count of burglary with assault, and six counts of attempted second degree murder of a law enforcement officer. We affirm.
The charges against defendant arose out of a home invasion. The trial court sentenced defendant to thirteen consecutive life terms as a habitual violent felony offender.
During the pendency of this appeal, this Court permitted defendant to withdraw his initial brief in order to file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) challenging the imposition of the habitual violent offender sentence and the imposition of thirteen consecutive life terms. During the hearing on defendant's motion, the trial court asked the prosecutor what the maximum permissible sentence was. As a result of this query, defense counsel filed a motion to disqualify the judge, arguing that the court had prejudged the matter. In the motion, prepared from defense counsel's recollection and without the aid of a transcript, defense counsel incorrectly alleged that the trial court directed the prosecutor to "figure out" how he could again sentence defendant to consecutive life sentences. At a *888 hearing on the motion, the trial court stated:
Okay. Now, I didn't prejudge the matter. I sat during the entire trial and determined at that time that consecutive life sentences were appropriate. Motion for disqualification is denied.
Defendant claims that the trial court was required to grant the motion for disqualification after it made the aforementioned statement as the statement constituted an attempt by the court to refute the allegations in the motion. We disagree. Although it is impermissible for a trial court to refute the charges in a motion to disqualify, MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1339 (Fla.1990), a court is permitted to state the status of the record. Shuler v. Green Mountain Ventures, Inc., 791 So.2d 1213, 1215 (Fla. 5th DCA 2001); Kowalski v. Boyles, 557 So.2d 885, 887 (Fla. 5th DCA 1990). Here, the trial court was merely stating the status of the record: that he imposed consecutive life sentences after defendant's trial. That the trial judge was able to recall what he thought was the appropriate sentence at the conclusion of the trial is not evidence that he prejudged the matter, particularly given the heinous nature of the crimes involved in this case.
We find no merit in defendant's argument concerning the sufficiency of the evidence. Affirmed.