PER CURIAM.
The Rules of Judicial Administration Committee (Committee) has filed an out-of-cycle report proposing amendments to Florida Rule of Judicial Administration 2.160, Disqualification of Trial Judges. The Committee proposes the amendments in response to the Court’s request for a proposed amendment to rule 2.160(f) consistent with the Court’s holding in Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299, 303 (Fla.2003), that a motion for judicial disqualification “must be ruled on within thirty days following its presentation to the court.” We have jurisdiction. See art. V, 2(a), Fla. Const.; Fla. Rule Jud. Admin. 2.130(f).
We adopt the Committee’s proposed substantive and technical amendments. The technical changes clarify the rule and improve readability. The substantive changes include amendments to subdivisions (c)(3) and (e), and a new subdivision CD-
The amendment to subdivision (c)(3) requires the movant to “serve” a copy of the motion on the subject judge rather than to “send” the judge a copy of the motion, as the rule currently provides. The amendment to subdivision (e) clarifies that a motion for disqualification must be promptly reduced to writing and promptly filed. The word “may” in the last sentence of subdivision (e) is changed to “shall” to provide “a motion made during hearing or trial shall be ruled on immediately.” According to the Committee, this proposed change is intended to emphasize the need for an immediate ruling.
In response to Tableau Fine Art Group, new subdivision (j) provides that a trial judge “shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (e).” The new subdivision also provides that if the trial judge does not rule on the motion to disqualify within 30 days, “the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.”
Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2005, at 12:01 a.m.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 2.160. DISQUALIFICATION OF TRIAL JUDGES
(a) Application. This rule applies only to county and circuit judges in all matters in all divisions of court.
*871 (b) Parties. Any party, including the state, may move to disqualify the trial judge assigned to the case on grounds provided by rule, by statute, or by the Code of Judicial Conduct.
(c) Motion. A motion to disqualify shall:
(1) be in writing and:]
(2) specifically allege specifically the facts and reasons relied on to show upon which the movant relies as the grounds for disqualification; and
(3) shall be sworn to by the party by signing the motion under oath or by a separate affidavit.
The attorney for the party shall also separately certify that the motion and the client’s statements are made in good faith. In addition to filing with the clerk, the movant shall immediately send serve a copy of the motion to on the subject judge as set forth in Florida Rule of Civil Procedure 1,080.
(d) Grounds. A motion to disqualify shall show:
(1) that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge; or
(2) that the judge before whom the case is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto or is interested in the result thereof, or that said judge is related to an attorney or counselor of record in the cause by consanguinity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to the cause.
(e) Time. A motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling. Any motion for disqualification made during a hearing or trial must be based on facts discovered during the hearing or trial and may be stated on the record, provided that it is also promptly reduced to writing in compliance with subdivision (c)7 and promptly filed. A motion made during hearing or .trial may shall be ruled on immediately.
(f) Determination — Initial Motion. The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.
(g) Determination — Successive Motions. If a judge has been previously disqualified on motion for alleged prejudice or partiality under subdivision (d)(1), a successor judge shall not be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case. Such a successor judge may pass rule on the truth of the facts alleged in support of the motion.
(h) Prior Rulings. Prior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist.
(i) Judge’s Initiative. Nothing in this rule limits the judge’s authority to enter *872 an order of disqualification on the judge’s own initiative.
(j) Time for Determination. The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.