939 So.2d 199 (2006)
OVIL WINBURN, JR., Appellant,
v.
EARL'S WELL DRILLING & PUMP SERVICE, Appellee.
Case No. 5D05-3655.
District Court of Appeal of Florida, Fifth District.
Opinion filed October 6, 2006.
Ovil Winburn, Jr., Ocala, Pro Se.
Chester J. Trow, of Chester J. Trow, P.A., Ocala, for Appellee.
PER CURIAM.
After a trial in the county court, resulting in an adverse judgment being entered against him, Ovil Winburn, Jr. filed a motion to disqualify the presiding judge. When the motion was denied, Mr. Winburn sought review in the circuit court by petitioning for a writ of prohibition. The petition for a writ of prohibition was denied, and Mr. Winburn now seeks review of that order. We affirm.
We agree with the circuit court that the disposition of this matter is controlled by our opinion in Shuler v. Green Mountain Ventures, Inc., 791 So. 2d 1213, 1215 (Fla. 5th DCA 2001), wherein we stated:
A motion to disqualify is legally sufficient if the facts alleged, assumed to be true, would cause a reasonable person to have a well-founded fear that he or she will not receive a fair trial from the assigned judge. State v. Shaw, 643 So. 2d 1163, 1164 (Fla. 4th DCA 1994). The fear of judicial bias must be objectively reasonable. Id. The subjective fear of a party seeking the disqualification of a judge is not sufficient. Kowalski v. Boyles, 557 So. 2d 885 (Fla. 5th DCA 1990). Rather, the facts and reasons given for the disqualification of a judge must tend to show personal bias or prejudice. Levine v. State, 650 So. 2d 666 (Fla. 4th DCA 1995).
Reviewed in this light, the allegations made in Mr. Winburn's motion for disqualification of the trial judge are insufficient. Likewise, the trial judge's prior adverse ruling is not a legally sufficient ground upon which to base a motion to disqualify. Thompson v. State, 759 So. 2d 650 (Fla. 2000). Accordingly, the order denying prohibition is affirmed.
AFFIRMED.
PLEUS, C.J., GRIFFIN and ORFINGER, JJ., concur.