IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DENNIS B. STITZEL AND
PATRICIA O. STITZEL,

     Petitioners,

 v.                                    Case No.  5D17-1674

CHAM-CAP, INC.,

     Respondent.

_____/

Opinion filed June 23, 2017

Petition for Writ of Prohibition,
Charles Roberts, Respondent Judge.

Carla T. Reece, Melbourne, for Petitioners.

No Appearance for Respondent.

PER CURIAM.

     Dennis and Patricia Stitzel seek a writ of prohibition challenging the denial of their motion to disqualify the trial judge. The Stitzels contend that the trial judge erred by denying their legally sufficient motion. We agree.

     Our opinion in Shuler v. Green Mountain Ventures, Inc., 791 So. 2d 1213 (Fla. 5th DCA 2001), controls the disposition of this case. In Shuler, we stated:

> A motion to disqualify is legally sufficient if the facts alleged, assumed to be true, would cause a reasonable person to have a well-founded fear that he or she will not receive a fair trial

> from the assigned judge. <u>State v. Shaw</u>, 643 So. 2d 1163, 1164 (Fla. 4th DCA 1994). The fear of judicial bias must be objectively reasonable. <u>Id.</u> The subjective fear of a party seeking the disqualification of a judge is not sufficient. <u>Kowalski v. Boyles</u>, 557 So. 2d 885 (Fla. 5th DCA 1990). Rather, the facts and reasons given for the disqualification of a judge must tend to show personal bias or prejudice. <u>Levine v. State</u>, 650 So. 2d 666 (Fla. 4th DCA 1995).

791 So. 2d at 1215. Applying this standard, the allegations made in the Stitzels' motion to disqualify the trial judge are legally sufficient.

PROHIBITION GRANTED.

SAWAYA, ORFINGER and EISNAUGLE, JJ., concur.