PER CURIAM.
Dennis and Patricia Stitzel seek a writ of prohibition challenging the denial of their motion to disqualify the trial judge. The Stitzels contend that the trial judge erred by denying their legally sufficient motion. We agree.
Our opinion in Shuler v. Green Mountain Ventures, Inc., 791 So.2d 1213 (Fla. 5th DCA 2001), controls the disposition of this case. In Shuler, we stated:
A motion to disqualify is legally sufficient if the facts alleged, ássumed to be true, would cause a reasonable person to have a well-founded fear that he or she will not receive a fair trial from the assigned judge. State v. Shaw, 643 So.2d 1163, 1164 (Fla. 4th DCA 1994). The fear of judicial bias must be objectively reasonable. Id. The subjective fear of a party seeking the disqualification of a judge is not sufficient. Kowalski v. Boyles, 557 So.2d 885 (Fla. 5th DCA 1990). Rather, the facts and reasons given for the disqualification of a judge must tend to show personal bias or prejudice. Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995).
791 So.2d at 1215. Applying this standard, the allegations made in the Stitzels’ motion to disqualify the trial judge, are legally sufficient.
PROHIBITION GRANTED.
SAWAYA, ORFINGER and EISNAUGLE, JJ., concur.