DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.D. PARKER ASSOCIATES, INC.,** d/b/a
**MELISSA PARKER INTERIORS, INC.,** a Florida Corporation,
Petitioner,

v.

**MICHAEL CONNOR, DALE CONNOR,** and
**BESSENROTH BUILDERS INC.,** a Florida Corporation,
Respondents.

No. 4D22-506

[June 8, 2022]

Petition for Writ of Prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Paige Hardy Gillman, Judge; L.T. Case No. 50-2019-CA-015480-XXXX-MB.

John R. Whittles and Elizabeth F. Olds of Mathison Whittles, LLP, Palm Beach Gardens, for petitioner.

No response required for respondents.

PER CURIAM.

*Denied.*

CONNER, C.J., and DAMOORGIAN, J., concur.
CIKLIN, J., dissenting with opinion.

CIKLIN, J., dissenting.

M.D. Parker Associates, Inc. d/b/a Melissa Parker Interiors, Inc. ("Parker") petitions this court for issuance of a writ of prohibition seeking review of an order denying its motion to disqualify the trial judge. Because of the manner in which the trial judge chose to deny the motion, I would grant the petition.

Melissa Parker, as the president of her corporation, filed an amended, eight-page, sworn motion to disqualify the trial judge. In the motion, Parker, citing a "reasonable fear that [her corporate entity] will not receive

a fair hearing in this cause or any cause presided upon by this trial judge," asserted three main reasons for its belief: (1) the trial court's denial of Parker's motion to depose an expert witness; (2) the trial court's "failure" to issue a ruling on Parker's pending motion to continue the scheduled trial; and (3) the inclusion of "prejudicial" statements in the order denying Parker's motion for summary judgment, which Parker asserted would have no "other purpose . . . than to generate prejudice" against Parker.

The trial judge rightfully denied Parker's motion but then entered a three-page written order with analysis determining that the motion was "legally deficient"—contrary to the dictates of the Florida Supreme Court, which limit the trial judge to a "bare determination of legal sufficiency" when faced with a motion to disqualify. *See Bundy v. Rudd,* 366 So. 2d 440, 442 (Fla. 1978).

Motions to disqualify trial judges are governed by Florida Rule of General Practice and Judicial Administration 2.330. Rule 2.330(h) governs the parameters of a trial court's ruling on such a motion as follows:

> **(h) Determination -- Initial Motion.** The judge against whom an initial motion to disqualify under subdivision (e) is directed *may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged.* If any motion is legally insufficient, an order denying the motion shall immediately be entered. *No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.* If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. Such an order does not constitute acknowledgement that the allegations are true.

(Italicized emphasis added).

Based on longstanding, well-established case law, the trial judge had no obligation to grant the motion for disqualification because it was legally insufficient. *See Thompson v. State,* 759 So. 2d 650, 659 (Fla. 2000) ("[T]he fact that a judge has ruled adversely to the party in the past does not constitute a legally sufficient ground for a motion to disqualify.").

Of equal importance, however, is also a longstanding, well-established Florida Supreme Court rule that provides a trial court may not address the truth of the facts alleged in a motion to disqualify:

> Regardless of whether [the trial judge] ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification "shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification." When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and *on that basis alone* established grounds for his disqualification. Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this case—the creation of "an intolerable adversary atmosphere" between the trial judge and the litigant.

*MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So. 2d 1332, 1339 (Fla. 1990) (quoting *Bundy*, 366 So. 2d at 442).

The trial judge should have succinctly ruled on the motion in a few words or less, communicated nothing further and moved on. But that didn't happen and the trial judge chose to take issue with Parker's sworn suggestions of bias by then irreparably entering a detailed, three-page point-by-point written order applying individual scrutiny to each of Parker's allegations:

First, in the motion to disqualify, Parker asserted that the trial judge denied her motion to depose an expert witness because the trial judge, in open court, agreed with and adopted Parker's opponent's position that Parker's request to depose the expert was "dilatory." In the order denying the motion to disqualify, the trial judge took issue with and contradicted Parker's allegation and in an apparent attempt to correct Parker, indicated that the judge had simply determined that "Parker had not shown good cause to take the disposition, given the late date and closeness to the trial period."

Second, in Parker's motion to disqualify, Parker alleged that the trial judge refused to issue a ruling on Parker's motion to continue and kept it pending because, Parker swore, the trial judge believed that Parker's motion for continuance was "being sought for purely strategic reasons" and was "wholeheartedly subscribing to [Parker's opponent's] unfounded assertions of intentionally dilatory conduct." In the order denying the motion to disqualify, the trial judge took issue with Parker's allegations and disputed Parker by writing that the trial judge's decision to delay a

ruling on Parker's motion for continuance was "simply a matter of the Court's management of its docket . . . ."

Third, in Parker's motion to disqualify, Parker alleged that the trial judge used incorrect numerical figures, in open court, in an effort to prejudice Parker asserting that there was no discernible or "legitimate reason for [the trial judge] to repeatedly state [incorrect numbers]." In the order denying the motion to disqualify, the trial judge deemed the assertions nothing more than "general and speculative."[1]

It would not be fair, however, to lay fault at the feet of this respected trial judge or other trial courts who have made similar miscalculations when addressing a disqualification motion. This is because the Florida Supreme Court has made an exception to its mandate to "not take issue with the motion" for disqualification where a trial judge's elaboration in denying the motion amounts to an explanation of the "status of the record." *Barwick v. State*, 660 So. 2d 685, 694 (Fla. 1995), *abrogated on other grounds by Topps v. State*, 865 So. 2d 1253 (Fla. 2004).

The trial judge here apparently attempted to walk a tightrope and explain only the "status of the record" when denying the motion to disqualify—and thereby invoke the outlier "exception" found in *Barwick*. In *Barwick*, the Florida Supreme Court addressed the appellant's claim that the trial judge improperly disputed the allegations in his motion to disqualify. *Id.* at 693. Specifically, the appellant moved to disqualify in part based on the trial judge's rescission of a predecessor judge's orders granting appointment of defense experts, and in the order denying the motion, the trial judge attached and explained the contents of transcripts of the hearing where the orders were rescinded. *Id.* at 691, 693. The transcript revealed that the appellant had been asked to resubmit its requests for defense experts. *Id.* at 693. On appeal, the Florida Supreme Court affirmed and explained that the trial judge's statements did not overstep the boundaries of established case law on orders denying motions to disqualify. *Id.* at 694. The Court further explained that the references to the transcript were nothing more "than a reference to how the [trial court] initially dealt with matters that were raised in the motion for disqualification," and the Court concluded "that a trial judge is permitted to explain the status of the record," relying on *Kowalski v. Boyles*, 557 So. 2d 885 (Fla. 5th DCA 1990). *Barwick*, 660 So. 2d at 694.

---

[1] To be objective, I must concede that the trial court's written response to Parker's third point in the motion for disqualification may come the closest to a seemingly permitted "status of the record" exception to the Florida Supreme Court rule but is still rather precarious—and just as ill-advised.

4

In *Kowalski*, 557 So. 2d at 887, the Fifth District rejected an argument that the trial judge was attempting to refute the charges of partiality when it made certain statements on the record and concluded that the trial judge "was merely stating the status of the record." Since *Kowalski*, a smattering of district courts have occasionally employed this so-called exception in several cases to allow a trial judge to comment on the "status of the record." *See, e.g., Pilkington v. Pilkington*, 182 So. 3d 776, 780 (Fla. 5th DCA 2015) ("The judge may comment factually on what transpired during relevant proceedings when ruling upon a motion to disqualify."); *Rolle ex rel. Dabrio v. Birken*, 984 So. 2d 534, 536 (Fla. 3d DCA 2008) (trial judge's explanation of "the record and what had transpired in this action" was not grounds for disqualification); *Niebla v. State*, 832 So. 2d 887, 888 (Fla. 3d DCA 2002) (trial judge was "merely stating the status of the record" when, prior to denying motion to disqualify, trial judge stated "I didn't prejudge the matter. I sat during the entire trial and determined at that time that consecutive life sentences were appropriate"); *Shuler v. Green Mountain Ventures, Inc.*, 791 So. 2d 1213, 1215 (Fla. 5th DCA 2001) (explaining that, while a trial judge "cannot pass on the facts of the truth alleged," trial judge may "explain the status of the record").[2]

---

[2] Given the realities, however, of the straightforward mandate of 2.330, it is axiomatic that this "status of the record" exception is fraught with perils for an unsuspecting trial judge. While *Barwick* remains good law until the Supreme Court states otherwise, this 1995 opinion was the first and last Florida Supreme Court case that used, permitted, or acknowledged the phrase "status of the record" as an exception to the long-standing say-nothing rule.

Fast forward to 2021, and in January of that year, the Florida Supreme Court reaffirmed its "say-nothing" rule and announced amendments to its rules concerning judicial disqualification based on the recommendations of the Florida Bar's Rules of Judicial Administration Committee. *See In re Amends. to Fla. Rules of Jud. Admin.-2020 Regular-Cycle Report*, 310 So. 3d 374, 375 (Fla. 2021). Among the Committee's proposed revisions was an addition to rule 2.330(h). The Florida Supreme Court approved the recommendations and expressly reiterated its prohibition on passing on the truth of the allegations within or taking issue with a motion to disqualify. The Court also took the opportunity to add new language clarifying that a trial judge's determination of legal sufficiency "does not constitute acknowledgment that the allegations are true." A trial judge's attempt to simply state the "the status of the record" benefits no one other than a reviewing court. However, any benefit conferred to the reviewing court by stating the "status of the record" is greatly outweighed by the need to avoid any risk of creating the "intolerable adversary atmosphere" between the trial judge and the litigant, as warned against in *Bundy*, 366 So. 2d at 442.

Importantly, *Kowalski* was the first Florida appellate court to ever use the "status of the record" phrase, which included no citation to any authority. Indeed, the two leading Florida Supreme Court cases in this area of the law are between 33-44 years old and there have been no new cases from the Florida Supreme Court on the issue of a so-called "status of the record" exception in more than 27 years. Still, *MacKenzie* and *Bundy* make clear, a trial judge's mere elaboration alone can establish an absolute basis for disqualification—even if the underlying motion for disqualification was categorically deficient.

My colleagues in the Florida judiciary would be well-advised to look no further than the plain meaning of the Florida Supreme Court-created rules concerning judicial disqualification and thereby avoid the potential perils associated with ignoring long-standing judicial administration doctrine. Members of the Florida judiciary—particularly new judges just entering the system—should be forewarned about reading the majority's opinion (or lack thereof) as a green light to replicate what occurred in this case.

When one thinks about it, a trial judge has nothing to lose and everything to gain by remaining compliant with the rule. Indeed, a disqualification motion is one of the few motions upon which a trial judge is expected to say as little as possible when granting or denying the motion. A trial judge will never be reversed or otherwise faulted for complying with the rule by just summarily granting the motion or denying it. Every time, however, a trial judge strays into seemingly innocuous "status of the record" territory, he or she risks reversal solely because the trial judge was determined to have the last word. In my opinion, taking that risk makes little or no sense particularly when the trial judge has a risk-free, Florida Supreme Court-approved option. Of late, even more judicial folklore has percolated that suggests a trial judge—who has decided to grant a motion to disqualify *anyway*—enjoys some type of unwritten exception permitting the trial judge to ignore the rule and speak his or her piece. No such exception exists by statute, case law, or Florida Supreme Court rule and is impermissible.

When I was a new trial judge going through the intense curriculum of the Florida Judicial College, 27 years ago, the faculty made clear to me and my fellow rookie judges to adhere to the supreme court rule by saying as little as possible when confronted with a motion for judicial recusal.

As much and as desperately as we might yearn to respond to a sworn statement which unabashedly asserts our inability to be impartial and free of judicial bias, the seasoned and wise women and men of the Florida Judicial College were quite clear: A trial judge should resist all temptation

6

to become indignant and should promptly and succinctly rule on the motion in a few words or less, communicate nothing further, and move on.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***