DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAMON N. MANUEL, GUDELIO N. MANUEL,
EMMANUEL N. MANUEL, KELLY D. FEIG, ESQ.,** and
**THE LAW OFFICE OF KELLY D. FEIG, P.A.,**
Petitioners,

v.

**ESTATE OF LAPULAPU V. MANUEL,**
Respondent.

No. 4D23-102

[July 12, 2023]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Charles M. Greene, Judge; L.T. Case No. PRC210000837.

Kelly D. Feig of The Law Office of Kelly D. Feig, P.A., Hallandale Beach, for petitioners.

Andrew J. Smallman of the Law Offices of Gilbert & Smallman, PLLC, Hollywood, for respondent.

CIKLIN, J.

Ramon N. Manuel, Gudelio N. Manuel, Emmanuel N. Manuel, Kelly D. Feig, Esq., and The Law Office of Kelly D. Feig, P.A., petition this Court for issuance of a writ of prohibition seeking review of an order denying their motion to disqualify the trial judge. Because of the manner in which the trial judge chose to deny the motion, we grant the petition.[1]

Feig, as the attorney representing these petitioners in the underlying probate matter, filed a nine-page verified motion to disqualify the trial judge. In the disqualification motion, Feig, citing a "reasonable and legitimate fear [the petitioners] will not receive a fair hearing or trial based upon the continuing demonstrable prejudice against their attorney,"

---

[1] Upon being ordered to respond to the petition, the respondent notified the Court that it "does not take a formal position on the granting or denial of the Petition for Judicial Disqualification in question."

sought disqualification based primarily on an interaction that took place between Feig and the trial judge in a separate case. This previous interaction led to the trial judge, at the time, admonishing Feig for "improper and unethical actions."

In the instant case, the underlying motion to disqualify alleged a "fear of continuing animosity" due to, *inter alia*, (1) the trial judge sanctioning Feig without providing her an opportunity to explain or defend herself, (2) the trial judge finding Feig abused process without taking testimony or evidence, and (3) the trial judge "sternly shut[ing] down" Feig "when she attempted to interject prior to the ruling." The trial court rightfully denied Feig's motion but then inexplicably entered a comprehensive written order addressing several of the motion's factual allegations—contrary to the dictates of the Florida Supreme Court, which limit the trial judge to a "bare determination of legal sufficiency" when faced with a motion to disqualify. *Bundy v. Rudd*, 366 So. 2d 440, 442 (Fla. 1978).

Motions to disqualify trial judges are governed by Florida Rule of General Practice and Judicial Administration 2.330. Rule 2.330(h) governs the parameters of a trial court's ruling on such a motion as follows:

> **(h) Determination -- Initial Motion.** The judge against whom an initial motion to disqualify under subdivision (e) is directed *may determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged.* If any motion is legally insufficient, an order denying the motion shall immediately be entered. *No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.* If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. Such an order does not constitute acknowledgement that the allegations are true.

(Italicized emphasis added).

Based on longstanding, well-established case law, the trial judge had no obligation to grant the motion for disqualification because it was legally insufficient. *See Thompson v. State,* 759 So. 2d 650, 659 (Fla. 2000) ("[T]he fact that a judge has ruled adversely to the party in the past does not constitute a legally sufficient ground for a motion to disqualify."); *Ellis v. Henning*, 678 So. 2d 825, 827 (Fla. 4th DCA 1996) ("A trial judge's expression of dissatisfaction with counsel or a client's behavior alone does

2

not give rise to a reasonable belief that the trial judge is biased and the client cannot receive a fair trial.").

Of equal importance, however, is also the longstanding, well-established Florida Supreme Court rule that a trial court may not address the truth of the facts alleged in a motion to disqualify:

> Regardless of whether [the trial judge] ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification "shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification." When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and *on that basis alone* established grounds for his disqualification. Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this case—the creation of "an intolerable adversary atmosphere" between the trial judge and the litigant.

*MacKenzie v. Super Kids Bargain Store, Inc.,* 565 So. 2d 1332, 1339 (Fla. 1990) (quoting *Bundy,* 366 So. 2d at 442).

The trial court unadvisedly chose to take issue with Feig's sworn suggestions of bias by then irreparably entering a detailed written order to which it attached 146 pages of exhibits applying specific individual scrutiny to several of Feig's allegations.

Indeed, the trial court went to extraordinary lengths to attach transcripts, previous judicial orders, and court notes in the form of multiple "exhibits," including a "composite" exhibit.

In the motion to disqualify, Feig asserted that the trial court did not provide her with an opportunity to explain or defend herself in the previous interaction between the trial court and Feig before finding she had acted improperly. In the order denying the motion to disqualify, the trial court took issue with and contradicted Feig's allegation and in an apparent attempt to correct Feig, indicated that the trial court's attached, highlighted, transcript of the relevant hearing "makes it clear that the Court heard testimony, received evidence from both parties, and gave both parties an opportunity to be heard during the hearing." In its order of

3

denial, the trial court further stated that Feig was "given multiple opportunities to further address the Court, which she did," and that the trial court "reviewed all documents emailed from Attorney Feig to the Court (as the Court indicated it would within the transcript), prior to the Court issuing its . . . written Order." Also, in response to the allegation in the motion to disqualify that the trial court "sternly shut down" Feig "when she attempted to interject prior to the ruling," the trial court stated that the transcript of the relevant hearing "indicate[d] that the Court did not permit Attorney Feig to interrupt the Court while it was in the middle of issuing its ruling." The trial court relied on its 146 pages of exhibits to defend against the motion to disqualify.

It must be noted that the Florida Supreme Court has made an exception to its mandate to "not take issue with the motion" for disqualification where a trial court's elaboration in denying the motion amounts to an explanation of the "status of the record." *Barwick v. State*, 660 So. 2d 685, 694 (Fla. 1995), *receded from in part on other grounds by Topps v. State*, 865 So. 2d 1253 (Fla. 2004).

It appears that the court below attempted and failed to walk a tightrope and explain only the "status of the record" when denying the motion to disqualify—and thereby invoke the outlier "exception" found in *Barwick*. In *Barwick*, the Florida Supreme Court addressed the appellant's claim that the trial court improperly disputed the allegations in his motion to disqualify. *Id.* at 693. Specifically, the appellant moved to disqualify in part based on the trial judge's rescission of a predecessor judge's orders granting appointment of defense experts, and in the order denying the motion, the trial court attached and explained the contents of transcripts of the hearing where the orders were rescinded. *Id.* at 691, 693. The transcript revealed that the appellant had been asked to resubmit its requests for defense experts. *Id.* at 693. On appeal, the Florida Supreme Court affirmed and explained that the trial judge's statements did not overstep the boundaries of established case law on orders denying motions to disqualify. *Id.* at 694. It further explained that the references to the transcript were nothing more "than a reference to how the court initially dealt with matters that were raised in the motion for disqualification," and it concluded "that a trial judge is permitted to explain the status of the record," relying on *Kowalski v. Boyles*, 557 So. 2d 885 (Fla. 5th DCA 1990). *Barwick*, 660 So. 2d at 694.

In *Kowalski*, 557 So. 2d at 887, the Fifth District rejected an argument that the trial court was attempting to refute the charges of partiality when it made certain statements on the record and concluded that the trial court "was merely stating the status of the record." Since *Kowalski*, a smattering

4

of district courts have occasionally employed this so-called exception in several cases to allow a trial court to comment on the "status of the record." *See, e.g., Pilkington v. Pilkington*, 182 So. 3d 776, 780 (Fla. 5th DCA 2015) ("The judge may comment factually on what transpired during relevant proceedings when ruling upon a motion to disqualify."); *Rolle ex rel. Dabrio v. Birken*, 984 So. 2d 534, 536 (Fla. 3d DCA 2008) (holding trial court's explanation of "the record and what had transpired in this action" was not grounds for disqualification); *Niebla v. State*, 832 So. 2d 887, 888 (Fla. 3d DCA 2002) (holding trial court was "merely stating the status of the record" when denying motion to disqualify); *Shuler v. Green Mountain Ventures, Inc.*, 791 So. 2d 1213, 1215 (Fla. 5th DCA 2001) (explaining that, while a trial court "cannot pass on the facts of the truth alleged," it may "explain the status of the record").

Here, the trial court went far beyond a statement as to the "status of the record." Along with attaching multiple exhibits to its order, the trial court impermissibly refuted each allegation of the motion to disqualify which was not cured by the trial court's threadbare qualifier that it was simply reciting the "status of the record." Because the trial court commented on the validity and truthfulness of the motion's allegations of bias, prejudice, or impartiality, this alone created an independent ground for disqualification. *Wagner v. State*, 342 So. 3d 712, 714 (Fla. 2d DCA 2022).

Accordingly, we grant the petition and remand with directions to reassign the case to a successor judge.

*Barwick* notwithstanding, the Florida Supreme Court has revisited rule 2.330, or its predecessor, Florida Rule of Judicial Administration 2.160, at least four times since *Barwick*. *See In re: Amends. to Fla. R. Jud. Admin.-2020 Regular-Cycle Report*, 310 So. 3d 374, 382 (Fla. 2021); *In re Amends. to Fla. R. Jud. Admin.*, 986 So. 2d 560, 562 (Fla. 2008); *Amends. to Fla. Rule Jud. Admin. 2.160*, 885 So. 2d 870, 870-71 (Fla. 2004); *Amends. to Fla. R. Jud. Admin. (2-Year Cycle)*, 851 So. 2d 698, 720 (Fla. 2003). In addressing rule 2.330, the Florida Supreme Court has not acknowledged *Barwick* and instead has readopted language that disallows a trial court from passing on the truth of the facts alleged, seemingly contrary to *Barwick's* permission to supply facts to explain the "status of the record."

We readily acknowledge that the Florida Supreme Court has the absolute prerogative to maintain the current state of the law as to *Barwick* and rule 2.330. With that stated, however, there appears to be an ongoing uncertainty as to the jurisprudence in this state regarding the extent to

5

which a judge may write to explain the "status of the record" yet maintain the unequivocal prohibitions and mandates contained in rule 2.330.

Accordingly, we certify the following question as being of great importance:

TO WHAT EXTENT MAY A JUDGE ISSUE A WRITTEN DENIAL OF A MOTION FOR DISQUALIFICATION THAT STAYS WITHIN THE CONFINES OF BOTH FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.330(h) AND THE "STATUS OF THE RECORD" EXCEPTION ENUNCIATED IN *BARWICK v. STATE*, 660 So. 2d 685 (Fla. 1995)?

*Petition granted and remanded with instructions.*

KLINGENSMITH, C.J., and ARTAU, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***