# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1986
LT Case No. 2020-CF-1422

_____

DEVIN TOCCO,

 Petitioner,

 v.

STATE OF FLORIDA,

 Respondent.

_____

Petition for Writ of Prohibition,
Daniel B. Merritt, Jr., Respondent Judge.

Debra B. Tuomey, of Debra B. Tuomey, Attorney at Law, LLC,
Weeki Wachee, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Allison Leigh
Morris, Assistant Attorney General, Daytona Beach, for
Respondent.

October 27, 2023

WALLIS, J.

 Devin Tocco (Petitioner) seeks a writ of prohibition to
disqualify the Honorable Daniel B. Merritt, Jr. from presiding over
his criminal case following events at a pretrial hearing on May 11,
2023. We find that Petitioner has established a well-founded fear
that he will not receive a fair trial and grant the petition.

Petitioner was charged with Driving While Under The Influence—Third Offense Within Ten Years and Reckless Driving. At three points during the litigation of this case, the parties approached the court with potential plea agreements. Each time, the judge rejected the proposed plea agreements. Petitioner subsequently moved to disqualify him from presiding over the case. The judge denied the motion as legally insufficient.

As a result of those events, Petitioner filed with this Court a petition seeking a writ of prohibition in case number 5D23-1454.[1] While that case was pending before our Court, the May 11, 2023, pretrial hearing was held before the trial judge. During that hearing, the judge took it upon himself to address Petitioner's prohibition petition. Specifically, he commented that some relevant portions of the record had not been transmitted to this court. After some back and forth with each counsel in the case, the judge directed the assistant state attorney to supplement the record with this court with specific transcripts from prior hearings the judge deemed relevant to the prohibition proceeding.

After the May 11, 2023, hearing, Petitioner filed a second motion to disqualify the judge, arguing *inter alia* that he improperly injected himself into the pending prohibition proceeding by directing the State to file transcripts. The judge denied the second motion. Appellant thereafter filed the instant petition seeking a writ of prohibition directing the judge to disqualify himself from presiding over Petitioner's criminal trial and sentencing.

We find Petitioner has established facts that would place a reasonably prudent person in fear of not receiving a fair and impartial trial. *See Livingston v. State*, 441 So. 2d 1083, 1087 (Fla. 1983). Specifically, instead of responding to the petition in this court as authorized by Rule 9.100, the judge attempted to participate in the prohibition proceedings by directing the assistant state attorney to supplement the record in this court. We conclude that this type of extra-record involvement by the judge in

---

[1] That petition was denied by order of this Court dated May 16, 2023.

2

the prohibition proceeding after rendition of the order denying the motion for disqualification is both unauthorized and would put a "reasonably prudent person in fear of not receiving a fair and impartial trial." *See Livingston*, 441 So. 2d at 1087.

In fairness, it appears the trial judge was attempting to "clarify the status of the record." *See Pilkington v. Pilkington*, 182 So. 3d 776, 780 (Fla. 5th DCA 2015) ("The judge may comment factually on what transpired during relevant proceedings when ruling upon a motion to disqualify."); *Niebla v. State*, 832 So. 2d 887, 888 (Fla. 3d DCA 2002) (holding trial court was "merely stating the status of the record" when denying motion to disqualify). But while this Court has recognized a trial judge's authority to clarify the status of the record, we decline to extend that authority beyond rendition of the order denying the motion to disqualify.

Accordingly, we grant the petition for writ of prohibition.

PETITION GRANTED; WRIT OF PROHIBITION ISSUED.


EISNAUGLE and MAKAR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____